**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio Perez SARMIENTO,**
**Defendant–Appellant.**

**No. 06–50468.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.[*]

Filed March 3, 2009.

Michael J. Raphael, Esq., Rodin Rooyani, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Julio Perez Sarmiento, California City, CA, pro se.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Julio Perez Sarmiento appeals from the 51–month sentence imposed following his guilty-plea conviction for fraud and misuse of visas and other documents, in violation of 18 U.S.C. § 1546(a), and being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Sarmiento contends that his appeal waiver and waiver of the right to collaterally attack his sentence are invalid. The district court's plea colloquy confirms that Sarmiento knowingly and voluntarily waived the right to appeal as part of the plea agreement. Accordingly, we enforce the appeal waiver. *See United States v. Bibler,* 495 F.3d 621, 624 (9th Cir.2007).

We remand to the district court with directions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

