**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50471 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00106-VAP |
| v. | |
| ANTONIO FREDY CEA-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Antonio Fredy Cea-Rodriguez appeals from the 37-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Cea-Rodriguez contends that the district court erred by considering his conviction for violating California Penal Code § 245(a)(1) to be a categorical crime of violence under U.S.S.G. § 2L1.2. The valid appeal waiver precludes our review of this contention. *See United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007).

Cea-Rodriguez contends that the district court erred by considering his January 2008 conviction to be a "prior sentence" for purposes of calculating his criminal history under the Sentencing Guidelines. This contention is foreclosed by *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167-74 (9th Cir. 2009).

Cea-Rodriguez also contends that the district court erred by assigning him criminal history points under U.S.S.G. § 4A1.1(d) and (e) for committing part of the offense while under a criminal justice sentence and while in imprisonment. He argues that his section 1326 offense was complete when he was arrested by local authorities, which was before he was convicted of the new state offenses and imprisoned for them. Cea-Rodriguez is incorrect. His section 1326 offense was not complete until immigration officials found him. *See United States v. Hernandez*, 189 F.3d 785, 791 (9th Cir. 1999) (recognizing that for purposes of the

Sentencing Guidelines, the "offense of being found in the United States ends when an alien is discovered and identified by the immigration authorities"). Cea-Rodriguez also is incorrect when he asserts that, because he could not leave the country while imprisoned, he was not continuing to violate section 1326 while he was imprisoned by local authorities for the new state offenses. *See United States v. Ortiz-Villegas*, 49 F.3d 1435, 1437 (9th Cir. 1995) ("We also reject Ortiz-Villegas' argument that he did not have the required intent to be 'found in' the United States because he was involuntarily incarcerated within United States' borders at the time he was located."). Cea-Rodriguez' "inability to depart this country was of his own making." *See id.* at 1437 n.2.

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)). On remand, the court also shall correct the judgment to reflect that Cea-Rodriguez was convicted of being an illegal alien found in the United States after deportation, not for illegal re-entry.

**AFFIRMED; REMANDED to correct judgment.**