**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

　　　　　　v.

BROOKE MARIE BIBLER, a.k.a.
Brooke Bibler,
　　　　　　　　*Defendant-Appellant.*

No. 06-30375

D.C. No.
CR-05-00174-2-
SEH

ORDER
AMENDING
OPINION AND
DENYING
PETITION FOR
REHEARING AND
PETITION FOR
REHEARING
EN BANC AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
March 9, 2007—Seattle, Washington

Filed May 4, 2007
Amended May 18, 2007
Second Amendment July 19, 2007

Before: Betty B. Fletcher, Diarmuid F. O'Scannlain, and
A. Wallace Tashima, Circuit Judges.

Opinion by Judge B. Fletcher

8801

## COUNSEL

E. June Lord, Great Falls, Montana, for the defendant-appellant.

Joseph E. Thaggard, Assistant United States Attorney, Great Falls, Montana, for the plaintiff-appellee.

## ORDER

The opinion filed May 4, 2007, and amended May 18, 2007, is amended as follows:

1. *United States v. Bibler*, 486 F.3d 557, 558 (9th Cir. 2007), replace the sentence "Therefore, we dismiss this appeal." with "Therefore, we affirm the district court."

2. At page 559, delete the sentence: "Thus, this court lacks jurisdiction to consider her appeal unless one of the 'few well-established exceptions to appeal waivers' applies. *Id.* at 1153 n. 2."

3. At page 560, replace the sentence "For the reasons articulated herein, the instant appeal is: **DISMISSED**." with "For the reasons articulated herein, the decision of the district court is: **AFFIRMED**."

The panel has voted to deny the petition for panel rehearing. Judge O'Scannlain votes to deny the petition for rehearing en banc and Judges B. Fletcher and Tashima so recommend.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. No further petitions will be entertained.

## OPINION

B. FLETCHER, Circuit Judge:

Brooke Bibler appeals her 80-month sentence, arguing that the district court erred in failing to apply the safety valve

exception, 18 U.S.C. § 3553(f), when sentencing her. Even assuming that the district court's failure to apply § 3553(f) was error, appellant waived her right to appeal the sentence imposed by the district court. Therefore, we affirm the district court.

## I.

Appellant was arrested after police entered her house pursuant to a search warrant and found her in possession of methamphetamine. In return for the government's promise to seek a downward departure under U.S.S.G. § 5K1.1, appellant pled guilty to possession with intent to distribute more than 50 grams of methamphetamine, agreed to testify against her boyfriend at his trial,[1] and waived the right to appeal her sentence.[2] Appellant's statute of conviction — 21 U.S.C. § 841(b)(1)(A)(viii) — established a minimum penalty of ten years in prison, but the Pre-Sentence Report ("PSR"), following the advisory guideline range, recommended a 41-51 month sentence.

According to the PSR, appellant was eligible for the safety valve exception to her statutory minimum. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). But at sentencing, the district court held that the safety valve was not applicable post-*Booker*, although the court held that 18 U.S.C. § 3553(e) did apply. Section 3553(e) provides that "[u]pon motion of the

---

[1]Appellant's boyfriend was arrested at the same time and was charged with a number of gun and drug-related crimes.

[2]Bibler's plea agreement stated "that the Court . . . may sentence the Defendant to a sentence anywhere within the Guideline range, and may depart upward or downward after it has, on the record, indicated what factors not contemplated by the Guidelines justify the upward or downward departure." The agreement further stated that "[i]n consideration for the government's motion pursuant to U.S.S.G. § 5K1.1 for a downward departure from the sentencing guidelines, if such a motion is made and the Court accepts the plea agreement, the Defendant hereby waives all right to appeal the sentence imposed by the Court."

Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed the offense." *Id.* Applying § 3553(e), the district court sentenced appellant to 80 months in prison, a term that exceeded the PSR's recommendation and the advisory guideline range of 41-51 months but fell well below the statutory minimum sentence of 120 months. Appellant now challenges the district court's decision, arguing that her appellate waiver should not preclude her from challenging the district court's decision because the district court erred in failing to apply the safety valve statute.

## II.

**[1]** Whether appellant has waived her right to appeal is reviewed de novo. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). The waiver is enforceable if appellant knowingly and voluntarily waives her rights and the language of the waiver covers the grounds raised on appeal. *Id.* Here, appellant does not dispute that her waiver was knowing or voluntary. Nor can she dispute that the terms of the agreement — which "waive[ ] all right to appeal the sentence imposed by the Court" — encompass the alleged error.

An appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed. R. Crim. P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law. *See United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999) (Rule 11); *United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995) (judge informed defendant that he retained his right to appeal); *United States v. Bolinger*, 940 F.2d 478, 479-80 (9th Cir. 1991) (sentence not in accord with plea agreement); *United States v. Gordon*, 393 F.3d 1044, 1050 (9th Cir. 2004) (illegal sentence).

**[2]** The only exception that arguably applies to the instant case is the exception for illegal sentences. A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution. *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986).[3] Neither ground is applicable here. Appellant does not allege a constitutional violation and the sentence imposed by the district court fell below the statutory *minimum*. Even assuming that the district court erred in failing to apply the safety valve statute, which this court has held to be mandatory post-*Booker*, *see United States v. Cardenas-Juarez*, 469 F.3d 1331 (9th Cir. 2006), this error does not render appellant's sentence illegal because § 3553(f) does not lower the permissible statutory penalty for the crime. All that the safety valve requires is that the district court sentence defendants without regard for the statutory minimum — something that the district court did in this very case by granting appellant a downward departure under § 5K1.1 for substantial assistance.[4] Insofar as the district court sentenced appellant to a term of years beneath the maximum allowed by statute, the sentence is not "illegal" and cannot excuse the waiver of appeal.

**[3]** If defendants intend to preserve a larger subset of their appellate rights, this must be bargained for in the plea agreement. For instance, defendants could reserve the right to appeal in case of plain error, or in case the district court issued a sentence that exceeded a particular period of time. But absent such a bargained-for term, or the applicability of

---

[3]*Fowler* actually cites an additional ground under which a sentence may be illegal: namely, that the sentence "is not authorized by the judgment of conviction." 794 F.2d at 1449. However, *Pinedo v. United States*, 347 F.2d 142 (9th Cir. 1965), the case cited by *Fowler* for this proposition, defines "not authorized by the judgment of conviction" as a sentence that exceeds the permissible statutory penalty. *Id.* at 148. Thus, this category of sentence collapses into the first category cited above.

[4]Of course, the district court premised its below-statute sentence on § 3553(e) and not § 3553(f) but this does not change the permissible sentencing range.

an exception, a knowing and voluntary waiver of appellate rights will preclude substantive appellate review in this court. For the reasons articulated herein, the decision of the district court is:

**AFFIRMED.**