**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Hugo–Armando ARROYO–PEREZ,
Defendant—Appellant.**

No. 07–10467.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 6, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Appellant's motion to supplement the record and motion for judicial notice are granted.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Randall M. Howe, Esquire, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

R.App. P. 34(a)(2).

Daniel L. Kaplan, Assistant Federal Public Defender, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Hugo–Armando Arroyo–Perez appeals the sentence imposed following his guilty plea to illegal reentry after deportation. He contends that the district court did not adequately state the reasons for the sentence and did not undertake an independent analysis of the sentencing factors under 18 U.S.C. § 3553(c). He also contends that he was denied his Sixth Amendment right to have a jury find the fact of the prior conviction used to increase his sentence. We dismiss the appeal in part and affirm in part.

■ In his plea agreement, Arroyo–Perez waived "any right to appeal the court's entry of judgment against [him]" and "any right to appeal the imposition of sentence upon [him]." We reject his contention that this waiver does not encompass the manner in which the sentence was imposed. We enforce the waiver and dismiss the appeal as to the issues regarding the reasons for the sentence and analysis under § 3553(c). *See United States v. Cope*, 527 F.3d 944, 949–50 (9th Cir.) (stating that ordinary rules of contract interpretation apply to plea agreements), *cert. de-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

622

*nied,* —— U.S. ——, 129 S.Ct. 321, 172 L.Ed.2d 232 (2008).

█ The appeal waiver does not bar Arroyo–Perez's contention that he was denied his Sixth Amendment right to have a jury find the fact of the prior conviction used to increase his sentence, and that at his change-of-plea hearing the magistrate judge was required to inform him of this right. *See United States v. Bibler,* 495 F.3d 621, 624 (9th Cir.), *cert. denied,* —— U.S. ——, 128 S.Ct. 681, 169 L.Ed.2d 533 (2007) (holding that appeal waiver will not apply if sentence violates Constitution). As Arroyo–Perez acknowledges, however, this contention is foreclosed. *See United States v. Grisel,* 488 F.3d 844, 846 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 425, 169 L.Ed.2d 298 (2007).

**DISMISSED in part; AFFIRMED in part.**