**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Felipe Miguel LOPEZ, Jr., Defendant—Appellant.**

No. 08–50067.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 30, 2008.

Davene L. Finnel, Esquire, Daniel Earl Zipp, Assistant U.S. Attorney, Karen P. Hewitt, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Oscar B. Valencia, Esquire, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Felipe Miguel Lopez, Jr., appeals the sentence imposed following his guilty plea to importation of cocaine in violation of 21 U.S.C. §§ 952 and 960. He contends that the district court violated his right to due process by considering an adjudication of juvenile delinquency in denying him a "safety valve" reduction under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.1. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This appeal is barred by Lopez's waiver, in his plea agreement, of "any right to appeal . . . the conviction and sentence . . . unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory minimum term." *See United States v. Bibler,* 495 F.3d 621, 623–24 (9th Cir.), *cert. denied,* —— U.S. ——, 128 S.Ct. 681, 169 L.Ed.2d 533 (2007).

In addition, Lopez's contention lacks merit. Lopez contends that the district court's consideration of his juvenile adjudication violated his right to due process because there was no right to a jury trial in the juvenile proceedings. *See* 18 U.S.C. § 3553(f) (providing for sentence without regard to statutory minimum if court finds,

inter alia, that defendant does not have more than one criminal history point). Therefore, Lopez argues, the "prior conviction" exception of *Apprendi v. New Jersey,* 530 U.S. 466, 488, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not apply, and the fact of the juvenile adjudication was required to be proved to a jury beyond a reasonable doubt. *See United States v. Tighe,* 266 F.3d 1187, 1194–95 (9th Cir. 2001) (holding that sentence increase under Armed Career Criminal Act beyond statutory maximum violated due process when based on fact of prior juvenile adjudication not charged in indictment and found by jury beyond reasonable doubt). Lopez's contention is foreclosed by *United States v. Labrada–Bustamante,* 428 F.3d 1252, 1262–63 (9th Cir.2005) (holding that facts allowing a decreased sentence below mandatory minimum pursuant to 18 U.S.C. § 3553(f) need not be found by jury beyond reasonable doubt), *cert. denied,* —— U.S. ——, 128 S.Ct. 318, 169 L.Ed.2d 224 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.