**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**William Clifford MENDENHALL, Defendant–Appellant.**

**No. 07–30203.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 21, 2009.*

Filed Jan. 27, 2009.

Joseph E. Thaggard, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Before: REAVLEY,** Senior Circuit Judge, and TALLMAN and M. SMITH, Circuit Judges.

## MEMORANDUM ***

Defendant–Appellant William Clifford Mendenhall (Mendenhall) appeals his conviction by guilty plea for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Because the parties are familiar with the facts, we do not recount them here, except as is necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the judgment and remand the case for resentencing.

Mendenhall argues, and the government concedes, that the district court erroneously rejected the plea agreement in this case. *See, e.g., United States v. Bibler,* 495 F.3d 621, 623 (9th Cir.2007). We agree.

First, the district court misunderstood the addendum to the plea agreement as equivalent to a plea under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that required the court fix a sentence below the statutory minimum. It is true that once a district court accepts a Rule 11(c)(1)(C) agreement, the court is bound by the stipulated specific sentence or sentencing range. *In re Morgan,* 506 F.3d

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

705, 708–09 (9th Cir.2007). A district court has discretion to reject such a plea. Fed.R.Crim.P. 11(c)(3)(A). The addendum in the case, however, did not arise under Rule 11(c)(1)(C). The appeal waiver states that the government "may file a motion pursuant to U.S. Sentencing Guidelines § 5K1.1 and 18 United States Code Section 3553(e) for the court to impose a sentence below the statutory mandatory minimum and within a lower guideline range than that calculated by the presentence report." Nothing in either the appeal waiver or in the motion for reduction of sentence bound the district court to a particular sentence. At the same time, the underlying plea agreement itself expressly states that it "will be governed by *Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure,*" and does not contain any reference to Rule 11(c)(1)(C) or to any specific sentence or sentencing range.

Nor did the parties help the district court to understand the agreement they had reached. Our review of the record suggests to us the district court, like the prosecutor, misunderstood defense counsel to say that the appeal waiver did not preclude Mendenhall from appealing a sentence above the statutory *minimum*, rather than the statutory *maximum*. The transcript confirms that defense counsel did indeed say "statutory maximum," and thus made a correct statement of law: a sentence above the statutory maximum would be an illegal sentence, and would be appealable even if Mendenhall had agreed to waive his appeal. *See Bibler,* 495 F.3d at 624. We recognize the uncertainty whether defense counsel meant to say the mandatory minimum otherwise applicable to this serious drug trafficking charge. 21 U.S.C. §§ 841(a)(1), 846. The statutory maximum was life in prison given the quantities involved. Due to the confusion in the courtroom, the prosecutor then withdrew the § 5K1.1 motion. According-

ly, to the extent the district court rejected the addendum because of a belief that Mendenhall was wrong about his right to appeal a sentence above the statutory maximum, the district court erred. Alternatively, to the extent the district court simply misheard defense counsel and thought he was referring to Mendenhall's ability to appeal a sentence above the statutory *minimum,* the transcript shows that the parties did not aid the court in understanding the deal. The result was an erroneous rejection of the plea agreement based on the misunderstanding.

We therefore vacate the judgment and remand this case for reconsideration of the proffered agreement. Because none of the relevant factors weigh in favor of reassigning the case to a different district court judge, *see Smith v. Mulvaney,* 827 F.2d 558, 562–63 (9th Cir.1987), we decline Mendenhall's request to do so. On remand, Mendenhall shall receive another opportunity to enter into the same plea agreement that the district court erroneously rejected. The government shall have the opportunity to move for leniency should it believe the defendant has earned the relief afforded under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The district court retains full discretion to fashion an appropriate sentence as 18 U.S.C. § 3553 contemplates and post-*Booker/Fanfan* caselaw allows.

**VACATED AND REMANDED.**