**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Mario Gerard BERNADEL,**
**Defendant—Appellant.**

No. 07–10426.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

488

Randall M. Howe, Esquire, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David S. Eisenberg, Esquire, Phoenix, AZ, for Defendant–Appellant.

Mario Gerard Bernadel, Florence, AZ, pro se.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Mario Gerard Bernadel appeals from the 33–month sentence imposed following his guilty-plea conviction for making false declarations in bankruptcy proceedings, in violation of 18 U.S.C. § 152(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provid-

The government contends that this appeal is barred due to the appeal waiver. We reject this contention as to Bernadel's argument that he did not knowingly and voluntarily waive his right to counsel under *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *See United States v. Bibler,* 495 F.3d 621, 624 (9th Cir.2007).

Bernadel asserts that remand is required because the district court failed to admonish him regarding potential punishment and the dangers of representing himself before permitting him to proceed pro se at his sentencing hearing. We conclude, on review of the record as a whole, that Bernadel's waiver of his right to counsel was knowing and voluntary. *See Lopez v. Thompson,* 202 F.3d 1110, 1118–19 (9th Cir.2000); *see also United States v. Hayes,* 231 F.3d 1132, 1138–39 (9th Cir.2000).

Bernadel's contention that the district court plainly erred by denying his motion of continuance is barred by the scope of the appeal waiver. *See Bibler,* 495 F.3d at 624.

**AFFIRMED.**