**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Humberto LUGO–MARTINEZ, aka**
**Humberto Lugo Martinez, III,**
**Defendant–Appellant.**

No. 08–50307.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Sept. 2, 2009.

Sabrina Laurence Feve, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

William R. Burgener, Law Office of William R. Burgener, San Diego, CA, for Defendant–Appellant.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Humberto Lugo–Martinez appeals from the 60–month sentence imposed following

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his guilty-plea conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and aiding in abetting, in violation of 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lugo–Martinez contends that the district court erred at sentencing by miscalculating his criminal history category, and thus erred by determining that he was ineligible for "safety valve" relief under 18 U.S.C. § 3553(f). Lugo–Martinez further contends that the appeal waiver in his plea agreement does not preclude his appeal because: 1) the government breached the plea agreement; 2) the district court breached the plea agreement; and 3) the district court's calculation error rendered the sentence illegal.

The plain language of the appeal waiver encompasses the grounds raised in this appeal and the record reflects that the waiver was knowing and voluntary. Moreover, the sentence comports with the terms of the plea agreement and is not illegal. *See United States v. Bibler,* 495 F.3d 621, 624 (9th Cir.2007). Accordingly, Lugo–Martinez's appeal is precluded by his valid appeal waiver. *See id.* at 623–24.

**AFFIRMED.**