**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30335 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00051-SEH |
| v. | |
| ANTHONY FRANCIS BOOK, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Anthony Francis Book appeals from the 300-month sentence imposed

following his guilty-plea conviction for conspiracy to possess methamphetamine

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NC/Research

with intent to distribute, in violation of 21 U.S.C. §§ 846 and 851. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Book contends that the district court erred by failing to treat his two prior felony drug convictions as a single conviction for purposes of a sentence enhancement under 21 U.S.C. § 841(b)(1)(A), and that his overall sentence is substantively unreasonable. We decline to reach these contentions because Book pleaded guilty pursuant to a plea agreement in which he knowingly and voluntarily waived his right to appeal the sentence. *See United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007).

Book contends that his appeal waiver is inapplicable because the district court's failure to treat his two prior felony drug convictions as a single conviction resulted in a disproportionate sentence that violates the "cruel and unusual punishment" clause of the Eighth Amendment. This contention fails. Although an appeal waiver will not apply if the sentence violates the Constitution, *see id*. at 624, Book's sentence is well below the maximum term allowed and is not "so 'grossly out of proportion to the severity of the crime' as to shock our sense of justice." *See United States v. Cupa-Guillen*, 34 F.3d 860, 864 (9th Cir. 1994).

**DISMISSED.**