**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff - Appellee,<br><br>     v.<br><br>JIMI ADAY,<br><br>                     Defendant - Appellant. | No. 08-10108<br><br>D.C. No. 3:06-CR-00991-MHM-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Argued and Submitted August 8, 2011
San Francisco, California

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

Jimi Aday ("Aday") appeals the district court's sentence—20 years in prison

followed by a lifetime term of supervised release with sex offender

treatment—following Aday's guilty plea to attempted aggravated sexual abuse in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violation of 18 U.S.C. §§ 1153, 2241(a), and 2246. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

The appellate waiver in Aday's plea agreement is unenforceable because the conditions of supervised release imposed by the district court are inconsistent with the terms of his plea agreement. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Nonetheless, Aday's contentions are unpersuasive.

First, the district court did not err in sentencing Aday to a lifetime term of supervised release. The district court reasonably found—because of the nature and severity of the offense, the need to protect the community, and the need to treat possible sexually deviant behaviors—that lifetime supervised release was appropriate. In fact, the district court here provided a more expansive explanation of its sentence than did the district court in *United States v. Cope*, 527 F.3d 944 (9th Cir. 2008)—where this court upheld a lifetime term of supervised release for a man convicted of possessing child pornography.

Second, Aday did not object to plethysmograph testing at sentencing and, thus, the imposition of that condition is reviewed for plain error. Reversal under the plain error standard is appropriate only where the error "affected the outcome

---

[1] The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

2

of the district court proceedings" and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 734, 736 (1993). Aday cannot satisfy this burden; both the district court and the probation office determined, based on significant evidence in the record, that sex offender treatment (including plethysmograph testing) was necessary to protect the public from the extreme danger that Aday presents. Thus, there is little doubt that the district court would have imposed this condition even if forced to articulate its reasoning on the record, as required by *United States v. Weber*, 451 F.3d 552, 568 (9th Cir. 2006).

Third, the district court's requirement that Aday take all prescribed medication as part of his sex offender treatment is also valid, so long as it is construed narrowly and does not include any medication which implicates a "particularly significant liberty interest." *See Cope*, 527 F.3d at 955. A district court may not require a defendant on supervised release to take medication (such as antipsychotics) which "implicates a particularly significant liberty interest," unless it makes "on-the-record, medically-grounded findings that court-ordered medication is necessary to accomplish one or more of the factors listed in [18 U.S.C.] § 3583(d)(1)," and "that the condition involves no greater deprivation of liberty than is reasonably necessary." *Id*. Here, the district court did not make the

3

required on-the-record findings. Therefore, the "all-encompassing medication condition must necessarily be understood as limited to those medications that do not implicate a particularly significant liberty interest of the defendant." *Id*. However, if Aday's future treatment *does* require medication which implicates a significant liberty interest—such as treatment of his Asperger's syndrome or schizoid personality with antipsychotics—the district court may, at that time, amend the terms of the supervised release and provide the medically-grounded findings required by *Cope*.

Finally, the district court here did not improperly delegate its authority to the probation officer. Under *United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003), a district court may delegate to probation officers the authority to select the type and extent of sex offender and mental health treatment.

**AFFIRMED.**