**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. AHMAD KHAN, Defendant - Appellant. | Nos. 11-10320 11-10334 D.C. No. 2:09-cr-00138-MCE MEMORANDUM* |
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. MUMRAIZ KHAN, Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 26, 2012**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Ahmad Khan ("Ahmad") appeals from the 70-month sentence and Mumraiz Khan ("Mumraiz") appeals from the 63-month sentence imposed following their guilty-plea convictions for unauthorized use of food stamps, in violation of 7 U.S.C. § 2024(b), and engaging in a monetary transaction in criminally-derived property, in violation of 18 U.S.C. § 1957. We have jurisdiction under 28 U.S.C. § 1291, and in both appeals we vacate and remand.

The government contends that the appeals are barred by valid appeal waivers. We decline to enforce the appeal waivers because the sentences imposed were inconsistent with the terms of the parties' plea agreements. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).

Mumraiz, joined by Ahmad, contends that the government breached his plea agreement by failing to recommend at sentencing the base offense level to which the parties stipulated in the plea agreement. The record reflects that the government failed to recommend sentences consistent with the terms of the parties' plea agreements. Because this failure denied Mumraiz and Ahmad the benefit of their bargain, and because sustaining the breach would impair the integrity and reputation of judicial proceedings, we remand for resentencing and order the government's specific performance of the plea agreements. *See United States v.*

*Manzo*, 675 F.3d 1204, 1211-13 (9th Cir. 2012). In cases of government breach, our case law requires reassignment to a different judge on remand. *See id.* at 1213.

In light of our remand for resentencing, we decline to address appellants' remaining contentions regarding sentencing enhancements.

**In case numbers 11-10320 and 11-10334, the judgment is VACATED and the case is REMANDED for resentencing.**