**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50054 |
| Plaintiff - Appellee, | D.C. No. 5:12-cr-00017-VAP |
| v. | |
| SALVADOR GONZALEZ-CHAVEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Salvador Gonzalez-Chavez appeals from the district court's judgment and

challenges the 168-month sentence imposed following his guilty-plea conviction

for conspiracy to possess with intent to distribute a controlled substance, in

violation of 21 U.S.C. § 846.  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gonzalez-Chavez argues that the district court erred by miscalculating his advisory Sentencing Guidelines range. He further argues that his counsel was constitutionally deficient in failing to object to the erroneous Guidelines calculation. The government argues that the appeal is barred by the appeal waiver in the parties' plea agreement. We review de novo whether a defendant has waived his right to appeal. *See United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007).

In the plea agreement, Gonzalez-Chavez waived his right to appeal "the procedures and calculations used to determine and impose any portion of the sentence . . . [and] the term of imprisonment imposed by the Court . . . ." By its terms, the waiver bars Gonzalez-Chavez's claim of Guidelines error, and a defendant "waives the right to argue ineffective assistance of counsel at sentencing on direct appeal when [he] waives the right to appeal the sentence." *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). Contrary to Gonzalez-Chavez's contentions, no exception to the waiver applies here. *See Bibler*, 495 F.3d at 624.

**DISMISSED.**