BYBEE, Circuit Judge,
concurring in the judgment:
I write separately to express my dissatisfaction with the state of circuit law regarding appeal waivers. Bomber signed a plea agreement waiving his right to appeal his sentence. Yet in order to determine whether Bomber’s sentence “exceeds the permissible statutory penalty for the crime” and thus constitutes an “illegal sentence” exempt from his appeal waiver, see United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007), our case law requires us to undertake what is essentially a merits review of Bomber’s sentence, see, e.g., United States v. Watson, 582 F.3d 974, 981-85 (9th Cir. 2009). Such a detailed inquiry— except to verify that the sentence does not exceed the statutory maximum, Bibler, 495 *815 F.3d at 624—defeats the purpose of an appeal waiver. I would enforce the appeal waiver here without discussing the merits of the supervised release condition.