NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10185 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00054-RCJ |
| v. | |
| JOSE ARNOLDO ALVAREZ, a.k.a. Luis Arias-Fonseca, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Jose Arnoldo Alvarez appeals from the district court's judgment and

challenges the 78-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute methamphetamine, in violation of 21

U.S.C. §§ 841(a), 841(b)(1)(B)(viii), and 846.  We have jurisdiction under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We affirm.

Alvarez contends that the district court's comments regarding his national origin reveal a bias that required the court's recusal under either 28 U.S.C. §§ 455(a) and (b)(1), or the Due Process Clause, or both. Alvarez further argues that the district court's reliance on his nationality resulted in a sentence that violates his due process rights. The government contends that this appeal is barred by a valid appeal waiver, and that the district court's comments do not demonstrate potential or actual bias. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). Because Alvarez raises his impartiality claims for the first time on appeal, we review for plain error. *See United States v. Antonakeas*, 255 F.3d 714, 727 (9th Cir. 2001) (unconstitutional sentence claim); *United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991) (section 455 claim).

The plea waiver does not apply to Alvarez's constitutional claim, *see United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007), and we decline to enforce it as to his related section 455 claim. Both claims, however, fail on their merits. The district court's comments regarding Alvarez's potential involvement with a Mexican cartel were made in the context of assessing Alvarez's role in the offense and whether he was entitled to a minor role reduction. In context, the comments do not reasonably call the district court's impartiality into question or "reveal such

2                                                                                          17-10185

a high degree of . . . antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (stating the standard for recusal under section 455). The record demonstrates that, unlike the defendant in *United States v. Borrero-Isaza*, 887 F.2d 1349 (9th Cir. 1989), Alvarez was not penalized because of his national origin. Rather, the district court denied Alvarez a minor role reduction because his role in the offense was greater than that of his charged coconspirator. Furthermore, the district court's comments do not show that Alvarez's due process rights were violated. *See United States v. Odachyan*, 749 F.3d 798, 802-03 (9th Cir. 2014).

**AFFIRMED.**

17-10185