NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10176 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-08198-DLR |
| v. | |
| KENDRICK TALBERT SLOAN, a.k.a. Kendrick Sloan, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Kendrick Talbert Sloan appeals his guilty-plea conviction and 20-year

stipulated sentence for drug and related firearm possession offenses, in violation of

21 U.S.C. § 841(a)(1), (b)(1)(B); 26 U.S.C. §§ 5861(d) and 5871; and 18 U.S.C.

§§ 2 and 924(c)(1)(B)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss.

Sloan waived his right to appeal his conviction and sentence. He contends, however, that the appeal waiver is unenforceable. Reviewing de novo, *see United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007), we conclude that Sloan's arguments lack merit.

First, the terms of the appeal waiver unambiguously encompass any challenge to the district court's calculation of the applicable guideline range and, contrary to Sloan's assertions, the calculation errors he alleges did not lead to an illegal sentence. *See id.* at 624 (a sentence is illegal "if it exceeds the permissible statutory penalty for the crime or violates the Constitution").

Second, the district court did not violate Sloan's constitutional right to counsel by denying his pro se motion to substitute counsel without holding a second hearing. The court conducted an adequate inquiry and Sloan was afforded a sufficient opportunity during the first hearing to raise his allegations of coercion by counsel. *See United States v. Smith*, 282 F.3d 758, 763 (9th Cir. 2002).

Finally, the record does not support Sloan's contention that his plea was not knowing and voluntary. Sloan stated under oath during his change of plea hearing that he had thoroughly discussed his case with his lawyer, who had "done a great job" and answered all of his questions about the agreement. Sloan also affirmed that his plea was not the result of any threat and that he was entering into it

voluntarily and of his own free will. Sloan's self-serving statements—made three months after his change of plea hearing and not raised to the district court during the hearing on Sloan's first motion for substitution of counsel—indicate that Sloan entered into the plea voluntarily and simply had second thoughts after the 20-year sentence was imposed. *See, e.g.*, *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003).

Because Sloan's defenses to the appeal waiver are unavailing, we dismiss. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED.**