NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> NOLAN LEWIS, <br><br> Defendant-Appellant. | No. 17-10109 <br>      17-10331 <br><br> D.C. No. <br> 3:15-cr-08178-SRB-2 <br><br><br> MEMORANDUM* |

Appeals from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted October 16, 2018**
San Francisco, California

Before: THOMAS, Chief Judge, GRABER, Circuit Judge, and LASNIK,***
District Judge.

Defendant-Appellant Nolan Lewis pleaded guilty to second degree murder,

and he waived his right to appeal. At a restitution hearing, defense counsel raised

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

the issue of Lewis's competency for the first time and filed a motion for determination of competency, which the district court denied. Lewis timely appeals both the final judgment and the denial of that motion.

We review de novo an appellant's waiver of his right to appeal. United States v. Bibler, 495 F.3d 621, 623 (9th Cir. 2007). We give effect to a waiver if it is made "knowingly and voluntarily." United States v. Tsosie, 639 F.3d 1213, 1217 (9th Cir. 2011) (internal quotation marks omitted). We agree with Lewis that an incompetent defendant cannot knowingly waive his right to appeal. Godinez v. Moran, 509 U.S. 389, 401 & n.12 (1993). Accordingly, we have jurisdiction to determine whether the district court erred by declining to order a competency hearing.

1. The district court did not err in declining to order a sua sponte competency hearing. Relevant factors include the defendant's medical history, his behavior in and out of court, and defense counsel's statements about the defendant's competence. United States v. Garza, 751 F.3d 1130, 1134 (9th Cir. 2014). Lewis confirmed in his colloquy with the magistrate judge that he had read the plea agreement, understood its provisions, and had voluntarily agreed to it. There was no indication that he was incompetent or that he lacked "the capacity for reasoned choice among the alternatives." United States v. Myers, 993 F.2d 713, 714 (9th Cir. 1993) (internal quotation marks omitted).

2

Prior to sentencing, Lewis obtained a neuropsychological evaluation from Dr. Marc S. Walter. Dr. Walter's report did not raise any concerns about his competency. In his "brief competency interview" with Lewis, Dr. Walter "did not find any obvious difficulties[,] except that [Lewis] state[d] that he [did] not really remember much about the day when the offenses allegedly occurred." Dr. Walter's evaluation identifies some cognitive issues and a learning disorder, but does not find Lewis incompetent. In light of the entire record, those findings are insufficient to warrant further competency proceedings. See United States v. Neal, 776 F.3d 645, 655-56 (9th Cir. 2015); Garza, 751 F.3d at 1135-36. Lewis participated appropriately in his proceedings, even giving a thoughtful allocution. His defense counsel at the time raised no concerns about his competence. The district court committed no error in failing to hold a hearing at that time.

2. The district court did not abuse its discretion in denying the motion, filed at a restitution hearing, for determination of competency. United States v. George, 85 F.3d 1433, 1437 (9th Cir. 1996). The motion raised concerns by Lewis's new defense counsel, after he interacted with Lewis over an aggregate of two and a half hours. There was no new medical evidence, nor any inappropriate conduct from Lewis.

**AFFIRMED.**

17-10109