NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Appellee,<br><br>　v.<br><br>GREGORY VILLEGAS, AKA Jacob Bailey, AKA Ray Mathis, AKA Ray Matsui, AKA Thomas Rasmus, AKA John Thames,<br><br>　　　　Defendant-Appellant. | No.　17-10300<br><br>D.C. No.<br>2:13-cr-00355-GMN-CWH-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,** District Judge.

Defendant Gregory Villegas and his codefendants were indicted for their

involvement in a telemarketing fraud scheme. Villegas pleaded guilty. He agreed,

among other things, to waive any challenge or defense to an order of forfeiture.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Villegas also agreed that $5,261,218 was derived from proceeds traceable to the offense.

Before his sentencing, the Supreme Court issued its decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), which held that joint and several forfeiture was not permitted under statutory provisions similar to those at issue in this case. The parties did not raise an issue of application of the specific precedent of *Honeycutt* at sentencing in this case, perhaps because it was handed down shortly before the sentencing proceeding here. It is unclear from the "Final Order in a Criminal Case," which was entered to resolve this case, whether the forfeiture in Villegas's case was intended to be "joint and several" with his codefendants.

Villegas appealed his sentence. He argues that it violates *Honeycutt*. We conclude that Villegas has not waived this challenge, because it is a challenge to a purported illegal sentence that Villegas did not specifically waive. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); *United States v. Pollard*, 850 F.3d 1038, 1045 (9th Cir. 2017). But because the parties did not raise *Honeycutt* in the district court, the record is wholly undeveloped as to whether and how the *Honeycutt* precedent might properly apply.

We therefore VACATE the sentence as to forfeiture only and REMAND for the district court to assess the forfeiture order in light of *Honeycutt*.

SENTENCE VACATED IN PART AND REMANDED.