**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BLAS VIDAL ROBLES RODRIGUEZ,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>Defendant-Appellee. | No. 17-17291<br><br>D.C. No. 2:16-cv-01826-JZB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Zachary Boyle, Magistrate Judge, Presiding

Submitted February 11, 2020[**]

Before: LEAVY, TROTT, and SILVERMAN, Circuit Judges

Blas Vidal Robles Rodriguez appeals the district court's order affirming the

Social Security Administration's denial of disability benefits. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We review the district court order de novo and the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

The ALJ gave specific and legitimate reasons supported by substantial evidence for giving little weight to the opinion of Patrick Hogan, D.O., that Rodriguez was greatly restricted and could not work. The ALJ reasonably found that Dr. Hogan failed to explain why Rodriguez's condition imposed such extreme limitations that were inconsistent with the other expert opinions and the record as a whole. At the time of the opinion, Dr. Hogan had not treated Rodriguez for 15 months, and no contemporaneous treatment notes supported the opinion. In contrast, Dr. Gomez had thoroughly examined Rodriguez on two occasions, reviewed the last available treatment notes, and made independent physical examination findings that were supported by the record as a whole. The ALJ could reasonably find that Dr. Hogan's extreme opinion was brief, conclusory, inadequately supported by treatment notes, and inconsistent with the record as a whole. *Orn v. Astrue,* 495 F.3d 624, 631, 634 (9th Cir. 2007); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Dr. Gomez's opinions provide substantial evidence to support the ALJ's residual functional capacity assessment. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ's assessment is further supported by the opinions

2

of Dr. Whaley and Dr. Griffith, who reviewed the record and partially relied on Dr. Gomez's independent physical examination findings to opine that Rodriguez could perform a limited range of light work. *Thomas*, 278 F.3d at 957. The 2014 imaging, alone, does not establish that Dr. Gomez's physical examination findings or the reviewing opinions are no longer supported by the record.

**AFFIRMED.**