NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

YASIR MEHMOOD,

Defendant-Appellant.

No.   19-10334

D.C. No.
2:12-cr-00154-JAM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted September 3, 2020
Pasadena, California

Before:  SILER,[**] BERZON, and LEE, Circuit Judges.
Dissent by Judge BERZON

Defendant-Appellant Yasir Mehmood argues that the appellate waiver

contained in his plea agreement is invalid for two reasons:  (1) the district court erred

by not ordering a second mental competency evaluation; and (2) restitution was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

ordered in violation of his due process rights. Finding neither of these arguments warrants reversal, we affirm.

1. Mehmood argues that he demonstrated "reasonable cause to believe that [he] may [have been] suffering from a mental disease or defect rendering him mentally incompetent" during the restitution phase of the criminal proceedings. *United States v. Duncan*, 643 F.3d 1242, 1249 (9th Cir. 2011) (quoting 18 U.S.C. § 4241(a)). In reviewing the district court's denial of the motion for a competency evaluation, "[w]e engage in a comprehensive review of the evidence" and "are not limited by either the abuse of discretion standard or the clearly erroneous standard." *Id.* at 1247 (quotation marks and citation omitted).

His most compelling evidence in support of the motion for a second competency evaluation are several notices of hospitalization he filed in the district court record. Even so, of the notices, only three indicate that Mehmood was treated for a potential mental health issue. And, of these three, only two indicated that Mehmood may have been suffering from a psychosis.

These notices of hospitalization do not provide reasonable cause to believe that Mehmood was suffering from a mental disease or defect that rendered him mentally incompetent. Of crucial importance, the information contained on the registration admission forms are simply chief complaints or admitting diagnoses. There is no evidence that these diagnoses were confirmed by a medical professional

19-10334

after additional observation or testing.

Moreover, the record is devoid of any objective medical evidence concerning Mehmood's mental health. Even if the August 10, 2018, notice of hospitalization indicates that Mehmood was admitted for a major depressive episode with psychosis, there is no evidence regarding the treatment, medications administered, the length of the hospital stay, or the opinions of medical professionals.

Furthermore, unusual behavior of a pro se defendant cannot be viewed in a vacuum and is not necessarily indicative of incompetency. *See United States v. Neal*, 776 F.3d 645, 656-67 (9th Cir. 2015). Mehmood's unusual behavior during restitution proceedings must be viewed against the backdrop of his behavior throughout the criminal proceedings, which included sending harassing letters, filing over a dozen baseless lawsuits, and making false allegations of sexual assault. As such, his behavior during the restitution proceedings is not indicative of incompetence.

Additionally, there is also an allegation that Mehmood claimed not to recognize or know his long-term standby counsel during correspondence. Still, the record contains little evidence about the context of this correspondence. Without more, and particularly in light of Mehmood's previous behavior, it was reasonable for the district court to discredit this evidence.

Lastly, Mehmood claimed that he was taking several medications for mental

19-10334

health issues, and subjectively opined that he was mentally incompetent. But again, these subjective claims and opinions should be viewed with skepticism based on Mehmood's previous behavior. And, in any event, his subjective claims and opinions are unsupported and therefore fail to provide evidence of incompetence.

In sum, viewing the evidence independently and comprehensively, there is insufficient evidence to raise reasonable cause concerning Mehmood's mental competency during the restitution phase of the proceedings.

2. Mehmood advances two arguments to support his contention that his due process rights were violated: (1) insufficient evidence to support the award of restitution, and (2) no restitution hearing by the court.

Initially, while the restitution order is brief, there is ample evidence in the record to support the district court's award of restitution. The restitution memorandum is supported by exhibits and supplemental documentation that include sample letters sent to victims and responses, such as victim impact statements, many providing account numbers or referencing spreadsheets of account numbers involved in the financial loss.

This is not a case where the district court relied on evidence that was too conclusory to support its award of restitution. Mehmood seems to take issue with the district court's failure to provide a detailed explanation of the evidence it considered when awarding restitution. However, the district court "set forth an

explanation of its reasoning, supported by the record" that was not "too summary and too conclusory to be sufficiently reliable in the face of [Mehmood's] objections." *United States v. Waknine*, 543 F.3d 546, 556-57 (9th Cir. 2008).

Moreover, an in-person restitution hearing was not required. When a district court indicates that a restitution hearing will not be held, it must provide notice and a pre-deprivation opportunity for a defendant to raise arguments opposing restitution. *See Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (explaining in the context of prejudgment replevin statutes that parties have a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner). That is precisely what happened here. After rescheduling the restitution hearing several times, the district court ordered Mehmood to respond to the government's restitution memorandum and reserved the right to decide the motion for restitution based on the parties' written filings and without a hearing. Mehmood did respond in a lengthy opposition to the government's restitution memorandum. At that point, the district court had all the information it needed to make a determination regarding restitution and the parties were on notice that the court might do so without a hearing.

Therefore, we find that there are no constitutional infirmities that might invalidate Mehmood's appellate waiver.

**AFFIRMED**.[1]

---

[1] The government's motions to supplement the record on appeal, and for judicial notice, are GRANTED.

19-10334

*USA v. Mehmood*, 19-10334

BERZON, Circuit Judge, dissenting:

I respectfully dissent. I would hold that the district court erred in not granting the motion for a second mental competency evaluation and remand for further proceedings.

We review the denial of the motion for a competency evaluation by "engag[ing] in a 'comprehensive' review of the evidence" and "ask whether a reasonable judge, situated as was the trial judge who denied the motion, should have experienced doubt with respect to the defendant's competence." *United States v. Duncan*, 643 F.3d 1242, 1247 (9th Cir. 2011). This standard is not as stringent as the standard of review for a district court's failure to order a second evaluation or hearing *sua sponte*. *Cf., e.g.*, *United States v. White*, 670 F.3d 1077, 1082 (9th Cir. 2012). As the evidence here is sufficient to give "reasonable cause to believe that [Mehmood] may [have been] suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to . . . assist properly in his defense," 18 U.S.C. § 4241(a), the district court erred in dismissing the motion for a further evaluation.

Mehmood's hospital admissions are, as the majority states, the strongest evidence supporting a second evaluation. He has provided three admission forms from Larkin Community Hospital that include admitting diagnoses, one of which is

1

under seal. Two show admitting diagnoses including psychosis: a "major depressive episode recurrent with psychotic," and a substantially similar diagnosis in the sealed document. These documents do not use lay terms, providing reasonable cause to believe that upon admission, Mehmood showed signs or discussed symptoms sufficient to indicate to a medical professional that he may be suffering the diagnosed psychosis. Further, Mehmood was in ICE custody when he was admitted to the hospital. He would not have been able to walk into an emergency room to seek treatment entirely on his own volition. Mehmood's detention at the time provides reasonable cause to believe that he was presenting symptoms sufficient to warrant ICE agents taking him to the hospital.

Mehmood has been a difficult litigant throughout this case and in many others, and he made unusual statements and excessive filings before his restitution proceedings. But unlike the defendant in *United States v. Neal*, 776 F.3d 645, 656–67 (9th Cir. 2015), Mehmood provided recent evidence beyond simply requesting therapy—in addition to his nonsensical briefings and difficult trial behavior—to support the need for another evaluation.[1] A new competency evaluation might not have shown a significant change in Mehmood's mental health. But the purpose of having a competency hearing is to *discover* facts when there is some presentation,

---

[1] In addition, *Neal* reviewed the district court's failure to order a competency hearing *sua sponte* under a plain error standard, which is stricter than the standard we apply here. 776 F.3d at 655.

as there is here, that gives rise to a reasonable basis to believe that there is a competency problem. The majority's conclusion to the contrary, faulting Mehmood for not providing more detailed medical information, confuses the standard applicable to review of a merits determination of competency with that applicable at this procedural stage.

Mehmood's first hospital admission in which the diagnosis included psychosis occurred on August 1, 2018. He subsequently filed his 365-page opposition to the government's restitution motion, requested reappointment of his standby counsel, and sought several continuances to the scheduled hearing date, after which the district court made the restitution determination without a hearing. If Mehmood was incompetent during this part of the restitution phase, it would have affected his ability to participate in his own defense in the briefing, properly assist his standby counsel, and be present at a restitution hearing.

As to the appeal waiver on which the government heavily relies, such a waiver does not apply if the sentence "exceeds the permissible statutory penalty for the crime or violates the Constitution." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Failure to hold a competency hearing where there is genuine doubt over a defendant's competence to stand trial or be sentenced is a violation of the defendant's due process rights. *See McMurtrey v. Ryan*, 539 F.3d 1112, 1115 (9th Cir. 2008). Because there is genuine doubt in this case that should have led the

district court to grant the motion for a further competency evaluation, the appellate waiver does not bar Mehmood's challenge to the district court's denial of that motion and grant of restitution.

I would therefore reverse the district court's denial of Mehmood's motion for a competency evaluation, vacate the restitution order, and remand to the district court for further proceedings. I respectfully dissent.