NOT FOR PUBLICATION

FILED

JUN 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50199 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00329-ODW-2 |
| v. | |
| ANGELA POGOSOV AVETISYAN, AKA Angela Khamtrashyan, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted June 7, 2021**
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

Defendant Angela Avetisyan timely appeals her conviction for conspiracy to commit health care fraud under 18 U.S.C. § 1349. She asserts (1) that she entered her plea agreement, which waived her right to appeal, involuntarily, because she

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

received ineffective assistance of counsel and (2) that the district court erred in denying her an evidentiary hearing on the loss amount. We dismiss.

We review whether a defendant has waived her right to appeal de novo. *United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). Avetisyan has not shown ineffective assistance of counsel. To determine voluntariness, we look to the "circumstances surrounding the signing and entry of the plea agreement," particularly the Rule 11 plea colloquy. *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). Here, the district court fully complied with Rule 11 during the 45-minute change of plea hearing and ensured that Avetisyan knowingly and voluntarily entered a guilty plea. Avetisyan stated that there were no additional "promises, understandings, or agreements" outside of what was in the plea agreement, and her counsel verified the same.

Avetisyan agreed to the waiver of her right to appeal "the procedures and calculations used to determine and impose any portion of her sentence" provided that the court imposed a sentence "within or below the range corresponding to an offense level of 32 and the criminal history category calculated by the court." The district court sentenced Avetisyan to 120 months, which was below that threshold. Accordingly, Avetisyan's appellate waiver applies.

Even if Avetisyan had preserved her right to appeal, she has not shown that the trial court abused its discretion in declining to hold an evidentiary hearing at

2

sentencing. We review the denial of a request for an evidentiary hearing for abuse of discretion. *United States v. Laurienti*, 731 F.3d 967, 971 (9th Cir. 2013). "There is no general right to an evidentiary hearing at sentencing," but where the parties dispute facts relevant to sentencing, "the district court must provide the parties a 'reasonable opportunity' to present information to the court." *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996); Fed. R. Crim. P. 32. Avetisyan had several opportunities to dispute the loss amount through her sentencing memoranda and at oral argument at the sentencing hearing, so the district court was fully apprised of her position.

    **DISMISSED.**