**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50271 |
| Plaintiff-Appellee, | D.C. No. 8:18-cr-00213-ODW-3 |
| v. | |
| GERMAN BASTIDAS NUNEZ, AKA Cheque, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 8, 2023[**]
Pasadena, California

Before: SCHROEDER, TALLMAN, and IKUTA, Circuit Judges.

German Bastidas Nunez appeals his conviction and sentence for conspiracy

to distribute at least 500 grams of methamphetamine, pursuant to a written plea

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

agreement. In the agreement, he waived the right to appeal except for a claim that his plea was involuntary.

He now contends that his appeal may nevertheless be maintained because the district court violated Federal Rule of Criminal Procedure 11 in failing to adequately advise him of the appellate waiver and forfeiture provisions in the agreement. He seeks to come within the exception to enforcement of an appellate waiver where there has been a violation of Rule 11. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).

Nunez did not raise any issue in the district court with respect to Rule 11, so our review must be for plain error. *United States v. David*, 36 F.4th 1214, 1217 (9th Cir. 2022). This requires the appellant to show the error affected his substantial rights, i.e., that there was a reasonable probability he would not have entered the plea if properly advised under Rule 11. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Nunez cannot make this showing. At the change of plea hearing, the appellate waiver was fully discussed, and Nunez acknowledged it. The conditions of the forfeiture were also discussed. The parties agree that no final order of forfeiture was ever entered, but there is no suggestion that Nunez would have

changed his plea had one been entered.  There was no plain error and the appeal waiver in the plea agreement must be enforced.

**DISMISSED.**