NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>SALVADOR ARREDONDO-PILLADO,<br>AKA Chapo, AKA Jose Pillado Moreno,<br><br>    Defendant - Appellant. | No. 14-10505<br><br>D.C. No. 2:13-cr-00275-LRH-PAL-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 18, 2015[**]
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges, and LEMELLE,[***]
District Judge.

Salvador Arredondo-Pillado appeals his conviction and sentence, and moves

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

to withdraw his guilty plea. We affirm.

Arredondo-Pillado pleaded guilty to one count of conspiracy to distribute methamphetamine pursuant to a plea agreement with the Government containing a waiver of appeal rights that he concedes bars this appeal if valid. Arredondo-Pillado challenges his waiver of appeal rights solely on the ground that it was not knowing or voluntary because the Government failed to disclose, prior to the execution of his plea agreement, evidence which he contends the Government was obliged to turn over pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

Arredondo-Pillado's *Brady* argument fails because, as he concedes, the evidence he identifies is neither exculpatory nor material impeachment evidence, and hence is not *Brady* material. *United States v. Stinson*, 647 F.3d 1196, 1208 (9th Cir. 2011).

Because no *Brady* violation occurred, and because Arredondo-Pillado raises no other argument challenging the voluntariness of his appeal waiver, we enforce it and affirm.[1] *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)

---

[1] Because we affirm, Arredondo-Pillado's motion to withdraw his guilty plea is DENIED.

2

(affirming the defendant's sentence pursuant to the enforcement of an appeal waiver).

**AFFIRMED.**