**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50168 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00764-JAK-1 |
| v. | |
| ALEJANDRO EFRAIN HERNANDEZ, AKA Alejandro Hernandez, AKA Lisa, AKA Jessica Rodriguez, AKA Sergio, AKA Susie, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted October 21, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and PONSOR,** Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable Michael A. Ponsor, Senior District Judge for the U.S.
District Court for Massachusetts, sitting by designation.

1

Alejandro Hernandez appeals his sentence of 180 months' imprisonment for violating 18 U.S.C. § 2422(b), enticing a minor to engage in sexual activity. Hernandez asserts that the government breached the plea agreement by arguing for a sentence above the Guidelines Sentencing Range of 108-135 months agreed upon by the parties. We review for plain error because Hernandez failed to object in district court. *See United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015).[1]

**1.** Under plain error review, and considering the record as a whole, the government did not breach the plea agreement.[2] *See United States v. Ellis*, 641 F.3d 411, 417-21 (9th Cir. 2011). Both parties committed in the plea agreement "not to argue that any specific offense characteristics, adjustments, or departures be imposed" other than those listed in the plea agreement. The parties also agreed that "taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) . . . an appropriate disposition of this case is that the court impose a sentence between 10 years and 15 years' imprisonment . . ."[3] Although the government used the term

---

[1] The dissent's analysis is more akin to *de novo* review.

[2] Rather than considering the record as a whole, as we are bound to do, our colleague in dissent dissects the record piecemeal. *See Dissenting Opinion*, pp. 1-2.

[3] Our colleague in dissent totally ignores this portion of the plea agreement.

2

"departure" twice in its fifteen-page sentencing memorandum, it later explained to the court that using the term "departure" was a mistake, and it was actually arguing for imposition of a 15-year sentence under § 3553(a).[4] The district court subsequently explained to the parties that it arrived at Hernandez's fifteen-year sentence by applying the § 3553(a) factors. Indeed, Hernandez never asserted any "breach" of the plea agreement when the government requested an upward variance under the § 3553(a) factors in its sentencing memorandum.

**2.** The district court did not modify Hernandez's plea agreement in open court. *See United States v. Harris*, 628 F.3d 1203, 1207 (9th Cir. 2011) (recognizing that a plea agreement is modified when there is a "deviat[ion] from the clear text" of the agreement). The district court did not "deviate[] from the clear text" of the plea agreement. *Id.* Nor did the parties express any belief other than that the Guidelines Sentencing Range was calculated as the "starting point" for determining the appropriate sentence. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

---

[4] It was within the district court's discretion to accept counsel's explanation. *See Ellis*, 641 F.3d at 418.

3

**3.** Because there was no breach or modification of Hernandez's plea agreement, the agreement is enforceable. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (setting forth exceptions to enforcement of appeal waiver). The appeal waiver in the plea agreement requires dismissal of Hernandez's appeal. *See Harris*, 628 F.3d at 1207.[5]

**APPEAL DISMISSED.**

---

[5] We decline our dissenting colleague's invitation to adopt non-binding precedent from the Fourth Circuit.

FILED

APR 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

United States of America v. Alejandro Efrain Hernandez, No. 14-50168

PONSOR, Senior District Judge, dissenting:

The government in this case perpetrated at least two serious violations of Hernandez's

rights, one at his plea colloquy and one at his sentencing. These, in my view, require remand.

First, at the plea colloquy, the government explicitly ratified critical misinformation the

judge gave Hernandez regarding his potential maximum sentence. Government counsel agreed

with the court's erroneous advice that Hernandez would be permitted to withdraw his plea,

pursuant to Fed. R. Crim. P. 11(c)(5)(B), if he received a sentence above a 135 months. In fact,

he faced, and ultimately received, a 180-month prison term without any opportunity to withdraw

his plea. Second, at the sentencing, the government violated the promise it made in the plea

agreement *not* to argue for a term of imprisonment above the 108-to-135-month sentencing

guideline range, by urging the district court to impose a term of 180 months.

On the first point, the transcript of the plea colloquy could hardly be clearer. The district

judge addressed Hernandez as follows:

> You and the government have entered into what we sometimes call a "binding plea agreement." In the agreement, you and the government have agreed to a specific sentence or a specific sentencing range. I believe that's at page 19 of the agreement. And that the sentencing range is between 108 and 135 months.
> Is that correct, Mr. Geragos?
>
> Mr. Geragos [defense counsel]: Yes, your Honor.
>
> The Court: Is that correct, Ms. Chou?
>
> Ms. Chou [government counsel]: That is the sentencing range we stipulated to.
>
> The Court: Mr. Hernandez, do you understand that the court is not bound to accept the terms of the agreement unless I elect to accept the agreement?
>
> Defendant Hernandez: Yes, I understand.

1

The Court: And do you understand that if I choose not to follow the terms of the agreement with respect to that sentencing range, after I review the presentence report, which hasn't been prepared yet, I'll give you the opportunity to withdraw your plea of guilty?

Defendant Hernandez: I understand.

The Court: And do you understand that if you choose not to withdraw your plea, I may impose a more severe sentence than that sentencing range?

Defendant Hernandez: Yes, your Honor.

While it is true that the written plea agreement referred to a possible prison term of up to 180 months -- outside the agreed sentencing guideline range -- not one word regarding that possibility was ever uttered by the district judge in his oral remarks to Hernandez. Instead, as the transcript makes clear, the district judge told Hernandez that he would receive a sentence of no more than 135 months, or be allowed to withdraw his plea. More significantly, though she must have recognized, or at least *should* have recognized, the court's misstatement, government counsel confirmed the error.

The Fourth Circuit has addressed precisely this situation in terms that I believe are self evident.

> Because the purpose of the plea colloquy is to establish that the defendant knowingly and voluntarily entered his plea, he will naturally, and quite reasonably, rely on the district court's characterization of the material terms disclosed during the hearing. As a consequence, where a district court's *mis*characterization of a material term is sufficiently pervasive to alter a defendant's understanding of the terms of his plea, the Government's affirmative acquiescence in the court's explanation can serve to modify the terms of the plea agreement.

*United States v. Wood,* 378 F.3d 342, 349 (4th Cir. 2004) (emphasis in original)(citations omitted).

It is fundamentally wrong to tell a defendant at the time of his plea that there is a binding range of 108 to135 months and then give him 180 months at sentencing. For this reason alone I

2

would remand.

This violation of Hernandez's rights at the plea colloquy was compounded by the government's blatant violation of the plea agreement during the sentencing hearing. The plea agreement, at paragraph 15, calculated the sentencing guideline range at 108 to 135 months. The final sentence of the paragraph, coming directly after this calculation stated: "The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed." Despite this language, the government argued both in writing and orally for a departure above the agreed range, urging the court to impose a sentence of 180 months.

The government now contends that the reference to a "departure" was a *lapsus linguae* and that the term "variance" was intended. First of all, in this context, the distinction strikes me as a cynical quibble. A plea agreement prohibiting the government from arguing for a "departure" above the guideline range, while allowing it to argue for the very same enhanced sentence by using the label "variance," gives a defendant next to nothing. More importantly, and at the risk of repetition, the government attorney in fact repeatedly used the term "departure" itself. The court should not permit the government to retreat from its own words in this way.

The government's argument that defense counsel failed to preserve his objection to the government's breach does not, for me, hold water. At the sentencing hearing, defense counsel stated, clumsily but explicitly, that "the problem – that is precisely why in the discussions that we had prior to this, that it was our position that they were breaching the agreement by urging the departure." While he might have pressed his objection more articulately, more forcefully, and more frequently, defense counsel's "problem" with the government's position was made clear to the court. The objection, for me, was sufficiently preserved.

Finally, while it is true that the plea agreement in this case contained a waiver of appeal,

3

it is well established that an appeal waiver does not preclude an appeal based on a breach of the plea agreement containing the waiver. *United States v. Gonzalez*, 981 F.2d 1037, 1041 (9th Cir. 1992). Particularly where the government's breach was so flagrant, I cannot agree that any waiver justifies dismissal of this appeal.

Under these circumstances, I believe the case should be remanded to a new district judge with instructions either to impose a sentence of no more than 135 months, or to allow Hernandez to withdraw his guilty plea.

For these reasons, I respectfully dissent.