*716 MEMORANDUM**
Alejandro Hernandez appeals his sentence of 180 months’ imprisonment for violating 18 U.S.C. § 2422(b), enticing a minor to engage in sexual activity. Hernandez asserts that the government breached the plea agreement by arguing for a sentence above the Guidelines Sentencing Range of 108-185 months agreed upon by the parties. We review for plain error because Hernandez failed to object in district court. See United States v. Flores, 802 F.3d 1028, 1034 (9th Cir.2015).[1]
1.Under plain error review, and considering the record as a whole, the government did not breach the plea agreement.[2] See United States v. Ellis, 641 F.3d 411, 417-21 (9th Cir.2011). Both parties committed in the plea agreement “not to argue that any specific offense characteristics, adjustments, or departures be imposed” other than those listed in the plea agreement. The parties also agreed that “taking into account the factors listed in 18 U.S.C. § 3553(a)(l)-(7) ... an appropriate disposition of this case is that the court impose a sentence between 10 years and 15 years’ imprisonment ... ”[3] Although the government used the term “departure” twice in its fifteen-page sentencing memorandum, it later explained to the court that using the term “departure” was a mistake, and it was actually arguing for imposition of a 15-year sentence under § 3553(a).[4] The district court subsequently explained to the parties that it arrived at Hernandez’s fifteen-year sentence by applying the § 3553(a) factors. Indeed, Hernandez never asserted any “breach” of the plea agreement when the government requested an upward variance under the § 3553(a) factors in its sentencing memorandum.
2. The district court did not modify Hernandez’s plea agreement in open court. See United States v. Harris, 628 F.3d 1203, 1207 (9th Cir.2011) (recognizing that a plea agreement is modified when there is a “deviation] from the clear text” of the agreement). The district court did not “deviate[ ] from the clear text” of the plea agreement. Id. Nor did the parties express any belief other than that the Guidelines Sentencing Range was calculated as the “starting point” for determining the appropriate sentence. United States v. Carty, 520 F.3d 984, 991 (9th Cir.2008) (en banc).
3. Because there was no breach or modification of Hernandez’s plea agreement, the agreement is enforceable. See United States v. Bibler, 495 F.3d 621, 624 (9th Cir.2007) (setting forth exceptions to enforcement of appeal waiver). The appeal waiver in the plea agreement requires dismissal of Hernandez’s appeal. See Harris, 628 F.3d at 1207.[5]
APPEAL DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent’s analysis is more aldn to de novo review.

. Rather than considering the record as a whole, as we are bound to do, our colleague in dissent dissects the record piecemeal. See Dissenting Opinion, pp. 716-18.

. Our colleague in dissent totally ignores this portion of the plea agreement.

. It was within the district court’s discretion to accept counsel's explanation. See Ellis, 641 F.3d at 418.

. We decline our dissenting colleague’s invitation to adopt non-binding precedent from the Fourth Circuit.