**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LINO MENDEZ-GONZALEZ,
*Defendant-Appellant.*

No. 10-30369

D.C. No.
2:10-cr-00084-
MJP-2

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted August 9, 2012*
Seattle, Washington

Filed October 5, 2012

Before: Susan H. Black,** Susan P. Graber, and
Johnnie B. Rawlinson, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

**The Honorable Susan H. Black, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

## COUNSEL

Jerald Brainin, Los Angeles, California, for the defendant-appellant.

Michael S. Morgan, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Defendant Lino Mendez-Gonzalez pleaded guilty to a drug-related offense and received a sentence that includes supervised release. He appeals only the court's requirement that he submit to periodic drug testing during his supervised release. The government argues that, as part of his plea agreement, Defendant waived the right to appeal any part of his sentence, including the drug-testing condition. Defendant argues that the waiver does not apply or is unenforceable. We dismiss the

appeal because Defendant's appellate waiver is enforceable and it applies here.[1]

Defendant was indicted for conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. He initially pleaded not guilty, but later agreed to plead guilty at a change of plea hearing at which he was assisted by an interpreter. Defendant signed a written plea agreement in which he waived certain rights to appeal his sentence, as follows:

> As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:
>
> a. Any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and
>
> b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

After explaining the content of the agreement to Defendant and finding the plea to have been entered "freely, voluntarily, and intelligently," a magistrate judge accepted the plea agreement.

---

[1]"Whether appellant has waived [the] right to appeal is reviewed de novo." *United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). Of course, it is somewhat imprecise to say that we "review" de novo, because the district court never considered the issue. But we decide it in the first instance, as in de novo review.

At sentencing, also conducted with the assistance of an interpreter, the district judge again explained the plea agreement, especially the appeal waiver, to Defendant. The district judge determined that the Sentencing Guidelines called for 135 to 168 months' imprisonment, but concluded that Defendant merited a downward departure, and sentenced him to 100 months' imprisonment plus five years' supervised release.

**[1]** Defendant timely appeals, but only with respect to his sentence. Under our precedent,

> [a]n appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed. R. Crim. P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law.

*United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).

**[2]** Defendant identifies no Rule 11 defect and we see none. Having reviewed the record and the plea colloquy, we conclude that Defendant entered his plea knowingly and voluntarily. Therefore, the first exception does not apply.

**[3]** Because the district judge did not advise defendant, "*without qualification*, that he . . . ha[d] a right to appeal," *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (internal quotation marks omitted), the second exception does not apply. *Compare United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995) (exception applied where judge advised defendant, " 'you have the right to appeal findings which I make today regarding sentencing' "), *with United States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1998) (exception did not apply where judge observed that, although a waiver is " 'generally enforceable,' " a defendant can still argue unenforceability to an appellate court). Rather, the court in this

case cautioned Defendant about the appeal waiver and noted only that he forfeited "many" of his appellate rights.

**[4]** The third exception is unavailable to Defendant because the sentence was below the guideline range.

**[5]** The fourth exception, dealing with illegal sentences, applies only to sentences that "exceed[ ] the permissible statutory penalty for the crime or violate[ ] the Constitution." *Bibler*, 495 F.3d at 624. Here, as in *Bibler*, "[i]nsofar as the district court sentenced appellant to a term of years beneath the maximum allowed by statute, the sentence is not 'illegal' and cannot excuse the waiver of appeal." *Id.* The supervised release condition is, similarly, not illegal, in that 18 U.S.C. §§ 3583 and 3563 not only allow, but *require*, the imposition of that condition in most circumstances.[2]

**[6]** Thus the appeal waiver is enforceable. The next question is whether Defendant's challenge to a supervised release condition falls within the scope of that waiver. Defendant agreed to waive "[a]ny right conferred by Title 18, United States Code, Section 3742 to appeal the sentence." The quoted passage effects a waiver of the right to appeal a condition of supervised release.

In *United States v. Joyce*, 357 F.3d 921, 925 (9th Cir. 2004), we held that a similar waiver deprived us of jurisdiction to hear a challenge to supervised release conditions. There, the waiver provided that the defendant " 'waive[d] [his] right under 18 U.S.C. § 3742 to appeal *any aspect* of the

---

[2]For example, 18 U.S.C. § 3583(d) provides:

> The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to [periodic testing] for use of a controlled substance. The condition stated in the preceding sentence may be ameliorated or suspended by the court as provided in section 3563(a)(4).

sentence imposed.' " *Id.* at 923 (some emphasis omitted). In determining the scope of the waiver, we observed that, under § 3742 and throughout Title 18, "[t]he word 'sentence' encompasses both prison time and periods of supervised release." *Id.* at 924. We also reasoned that the "any aspect" phrase eliminated "any arguable ambiguity about whether 'sentence' means what 18 U.S.C. § 3742 says it means, or means only time served in prison." *Id.* at 923; *see also Watson*, 582 F.3d at 986 (reaching the same result as *Joyce*, in a case involving a waiver of "any right . . . to appeal *any aspect* of [the] sentence" (some emphasis omitted)).

Defendant argues that *Joyce* is distinguishable because, here, the waiver does not contain the same "any aspect" wording. But that phrase was not the primary rationale for the result in *Joyce*, which focused more closely on the meaning of "sentence" in "the statute that provides the only source of [a defendant's] right to appeal." 357 F.3d at 924. Other circuits generally agree. *See, e.g.*, *United States v. Goodson*, 544 F.3d 529, 538 (3d Cir. 2008) ("By stating that [the defendant] 'waives the right to take a direct appeal from his . . . sentence under . . . 18 U.S.C. § 3742,' the provision explicitly bars any appeal relying upon § 3742 for jurisdiction. Because § 3742 is the only statutory section that provides jurisdiction for an appeal of a condition of supervised release, [the defendant's] waiver bars his challenge." (ellipses in original))*; United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007) ("Supervised-release conditions are part of the sentence; and the reference to 18 U.S.C. § 3742 (the statutory basis for sentence appeals) in . . . the plea agreement makes clear that the waiver encompasses all appellate challenges to the sentence other than those falling within the explicit exception for challenges to upward departures." (citing *Joyce*, 357 F.3d at 922-24)); *see also United States v. Andis*, 333 F.3d 886, 892 n.7 (8th Cir. 2003) (en banc) (holding that a "waiver included that portion of [a] sentence which involved the imposition of a term of supervised release and its conditions"); *United States v. Sines*, 303 F.3d 793, 799 (7th Cir. 2002) (holding

that waiver of right to appeal sentence includes conditions of supervised release). Accordingly, *Joyce* applies.

Finally, Defendant argues that the modifying phrase "including any restitution order imposed" renders the agreement ambiguous. We are not persuaded. Reading the plea agreement in a straightforward manner, "including" illustrates, but does not limit, the preceding phrase.

**[7]** For the foregoing reasons, Defendant has waived his right to appeal the conditions of his supervised release, and we must dismiss the appeal.

APPEAL DISMISSED.