NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50571 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00441-PSG-10 |
| v. | |
| JOSE MANUEL SERRANO-NAVARRO, AKA Chili, AKA Jose Serrano, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 4, 2013[**]
Pasadena, California

Before: PREGERSON, W. FLETCHER, and NGUYEN, Circuit Judges.

Jose Serrano-Navarro appeals his conviction by guilty plea and sentence for

one count of conspiracy to distribute and possess with intent to distribute more

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

than 50 grams of methamphetamine, 21 U.S.C. § 846. He contends that the district court misled him about the immigration consequences of his guilty plea, committed procedural errors at sentencing, and imposed a sentence that was substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's advice that there "may" be immigration consequences to Serrano-Navarro's conviction—without acknowledging that such consequences were in fact mandatory—did not violate due process or Federal Rule of Criminal Procedure 11 or render his plea involuntary and unknowing. *United States v. Amador-Leal*, 276 F.3d 511, 517 (9th Cir. 2002) ("Many district judges comment in their Rule 11 colloquy that a plea of guilty and resulting conviction may affect an alien's status in this country, and inquire whether the defendant understands the possible immigration consequences of his plea. Although not required by Rule 11 or due process, we commend this sort of dialogue . . . ."). The Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), does not require a different result. *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1240–41 (9th Cir. 2011) (per curiam).

In general, the government is entitled to enforce appeal-waiver agreements. *United States v. Mendez-Gonzalez*, 697 F.3d 1101, 1103 (9th Cir. 2012) (per curiam). The appeal waiver in Serrano-Navarro's plea agreement is enforceable

2

because his guilty plea complied with Rule 11, the district court did not inform him that he has an unqualified right to appeal, and his sentence comports with both the terms of the plea agreement and the law. *See id*. (citing *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); *United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009)).

Serrano-Navarro's appeal waiver covers challenges to both the sentence itself and the manner in which it was calculated. Therefore, Serrano-Navarro has waived his remaining arguments that (1) the district court violated Federal Rule of Criminal Procedure 32 by failing to address his request for a downward departure based on an overrepresentation of the seriousness of his criminal history; (2) his low-end guidelines sentence was substantively unreasonable; and (3) his sentence for a low-level drug crime was disproportionately harsh and amounted to cruel and unusual punishment in violation of the Eighth Amendment.

**AFFIRMED.**