**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30031 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00015-SEH-1 |
| v. | |
| DACOTA ROBERT ROGERS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted May 4, 2015**
Seattle, Washington

Before: KLEINFELD, GOULD, and CHRISTEN, Circuit Judges.

Dacota Rogers appeals a 224-month sentence imposed following his guilty

plea to distribution of fentanyl, in violation of 21 U.S.C. § 841(a).  Rogers and the

government entered into a plea agreement whereby Rogers agreed to plead guilty

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

to the fentanyl distribution charge, which carried a maximum 20-year sentence, and waive his right to appeal. In exchange, the government agreed to dismiss a separate charge of distribution of fentanyl resulting in death pursuant to 21 U.S.C. §§ 841(a) & 841(b)(1)(C), which carried a mandatory minimum 20-year sentence, and not to file an information under 21 U.S.C. § 851 based on the defendant's prior drug conviction, which would have subjected Rogers to mandatory life imprisonment. The plea agreement did not contain an agreed-upon sentencing range. Because we conclude the appeal waiver is enforceable, we dismiss this appeal for lack of jurisdiction.

1.     An appeal waiver is enforceable "if appellant knowingly and voluntarily waives [his] rights and the language of the waiver covers the grounds raised on appeal." *United States v. Bibler*, 495 F.3d 621, 623–24 (9th Cir. 2007). Here, Rogers does not dispute that his waiver was knowing or voluntary. Nor does he dispute that the terms of the agreement cover the grounds raised on appeal.

An appeal waiver will not apply, however, "if: 1) a defendant's guilty plea fail[s] to comply with Fed. R. Crim. P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *Id.* at 624. Rogers contends that all of these circumstances, except for the second one, are

present here. His arguments fail. First, Rule 11(c)(5) does not apply because it only concerns rejected plea agreements and the district court accepted the parties' plea agreement. Second, Rogers's sentence comports with the terms of the plea agreement because the district court faithfully applied the terms of the deal. The fact that the plea agreement does not contain a sentence cap does not affect the conclusion that the sentence imposed was faithful to the deal. Rogers accepted the risk of proceeding without a sentence cap in exchange for avoiding much more serious penalties. Third, Rogers's sentence does not violate the law because it was within the maximum allowed by statute. *United States v. Mendez-Gonzalez*, 697 F.3d 1101, 1103 (9th Cir. 2012).

2.      Because we dismiss the appeal for lack of jurisdiction, we do not address Rogers's arguments on the merits.

**DISMISSED.**