**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAAL JOHNATHAN BOMBER,

Defendant - Appellant.

No. 15-30043

D.C. No. 2:13-cr-00187-TSZ-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted June 9, 2016
Seattle, Washington

Before: EBEL,[**] PAEZ, and BYBEE, Circuit Judges.

Defendant-Appellant Jamaal Bomber challenges a supervised release

condition that prohibits him from engaging in any occupation that exposes him

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

directly or indirectly to minors, unless approved in advance by his probation officer. For the following reasons, we find Bomber's challenge is foreclosed by the appeal waiver in his plea agreement. Accordingly, we dismiss his appeal.

Law enforcement authorities arrested Bomber for engaging in drug- and sex-trafficking. Bomber pleaded guilty to federal drug possession and distribution charges. As part of Bomber's plea agreement, the U.S. Attorney's Office dismissed its federal sex-trafficking charge, and the local district attorney prosecuted those sex-trafficking offenses in Washington state court. Even so, Bomber's amended federal presentence report included facts pertaining to the then-pending state charge for the sex trafficking of a minor.

At the sentencing hearing, the district court stated that it was "not going to take into account what is happening in state court" when imposing Bomber's federal sentence. Nonetheless, the district court imposed a supervised release condition ("condition four") that provided that Bomber "may not engage in any paid occupation or volunteer service that exposes him/her, either directly or indirectly, to minors, unless approved in advance by the probation officer."

Bomber's appeal of that supervised condition is covered by the appellate waiver contained in his plea agreement. See United States v. Mendez-Gonzalez, 697 F.3d 1101, 1103-04 (9th Cir. 2012). Ordinarily, that waiver would end our

2

inquiry. Bomber, however, invokes the exception that "[a]n appeal waiver will not apply if . . . the sentence violates the law." United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007). To decide whether the "illegal sentence" exception applies here, we must consider the substance of Bomber's appeal. See Id.

Under that exception, "the phrase 'illegal sentence' has a precise legal meaning." United States v. Vences, 169 F.3d 611, 613 (9th Cir. 1999) (quoting United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir. 1986)). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." Bibler, 495 F.3d at 624. Overstepping a maximum statutory prison term is not the only way a sentence can "exceed[] the permissible statutory penalty." Id. For instance, an order to pay restitution will exceed the permissible statutory penalty if it violates the substantive requirements of the statute governing such orders—the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. See United States v. Gordon, 393 F.3d 1044, 1050 (9th Cir. 2004).

Accordingly, in the supervised release context, we have looked to the substantive requirements of the statutes governing supervised release conditions—namely, 18 U.S.C. §§ 3583(d) and 3563(b)—to determine whether a condition exceeds the permissible statutory penalty. See Mendez-Gonzalez, 697 F.3d at 1104; United States v. Watson, 582 F.3d 974, 982-84, 987 (9th Cir. 2009)

3

(finding that a supervised release condition was not illegal, for purposes of the appeal waiver exception, because it complied with 18 U.S.C. § 3583(d)). "Whether a supervised release condition illegally exceeds the permissible statutory penalty or violates the Constitution is reviewed de novo." Watson, 582 F.3d at 981.

In this case, the controlling statute is Section 3563(b)(5), which governs conditions of supervised release that impose occupational restrictions. See 18 U.S.C. § 3583(d) (incorporating Id. § 3563(b)). Section 3563(b)(5) provides that a district court can only impose an occupational restriction that limits a defendant's engagement "in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense." (emphasis added).

The parties advance competing interpretations of the "reasonably direct relationship" requirement, neither of which comports with the plain language of Section 3563(b)(5). Section 3563(b)(5), however, occupies a middle ground between the parties' positions. Under the plain language of the statute, the appropriate inquiry looks not to the legal elements of an offense, nor to a defendant's broader related activities or tendencies, but rather to how the defendant committed the offense of conviction. Under that inquiry, an employment

4

restriction is permissible only if a sufficient nexus exists between the restricted occupations and the defendant's offense conduct—i.e., a <u>reasonably direct relationship</u> to the <u>conduct</u> that <u>constituted</u> that offense. <u>See</u> <u>Id.</u>

Bomber's federal convictions were for drug possession and distribution. Under Section 3563(b)(5), any evidence of exploitation of teenage sex workers <u>that is untethered to Bomber's drug activities</u> is insufficient to establish a reasonably direct relationship between the offense conduct and employment allowing interaction with minors. Consequently, condition four is lawful only if the record establishes that Bomber's prostitution (or other sexual exploitation, mistreatment, or manipulation) of juveniles played a role in his distribution or possession of drugs (or vice versa).

Two facts in the record establish the requisite link here. The amended presentence investigation report ("PSR")[1] noted that witnesses stated that Bomber sold drugs and that he encouraged minors to supplement their income by preparing

---

[1] The facts provided in the PSR are properly before us because Bomber's attorney did not specifically object to those paragraphs of the presentence report. <u>See</u> <u>United States v. Ameline</u>, 409 F.3d 1073, 1085 (9th Cir. 2005) ("Of course, the district court may rely on undisputed statements in the [presentence report] at sentencing."). Moreover, although the district court stated it would not consider the state sex-trafficking charge and its underlying facts in sentencing Bomber, this fact is independently relevant to Bomber's federal drug-trafficking charge. Finally, although the government has not chosen, on appeal, to reassert its previous reliance on this fact, "we may affirm on any ground supported by the record." <u>United States v. Nichols</u>, 464 F.3d 1117, 1122 (9th Cir. 2006) (quotation omitted).

and selling drugs for him. Am. PSR ¶ 12. The report also indicated that at the time of his arrest, Bomber was found in a room that contained cocaine base (crack), a digital scale, and a naked sixteen-year-old girl. Am. PSR ¶ 15.

Together, the facts underlying Bomber's drug-trafficking convictions provide a sufficient nexus between the conduct constituting his federal drug offenses and the court's imposition of a supervised release restriction requiring probation to pre-approve employment involving exposure to minors. Therefore, supervised release condition four does not "exceed[] the permissible statutory penalty for the crime," and Bomber's appeal waiver applies in full force.[2] See Bibler, 495 F.3d at 624.

**DISMISSED.**

---

[2] We have considered the remainder of Bomber's statutory and constitutional arguments concerning the legality of supervised release condition four, and found them unavailing.

*United States v. Bomber*, 15-30043

BYBEE, Circuit Judge, concurring in the judgment:

I write separately to express my dissatisfaction with the state of circuit law regarding appeal waivers. Bomber signed a plea agreement waiving his right to appeal his sentence. Yet in order to determine whether Bomber's sentence "exceeds the permissible statutory penalty for the crime" and thus constitutes an "illegal sentence" exempt from his appeal waiver, *see United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007), our case law requires us to undertake what is essentially a merits review of Bomber's sentence, *see, e.g.*, *United States v. Watson*, 582 F.3d 974, 981–85 (9th Cir. 2009). Such a detailed inquiry—except to verify that the sentence does not exceed the statutory maximum, *Bibler*, 495 F.3d at 624—defeats the purpose of an appeal waiver. I would enforce the appeal waiver here without discussing the merits of the supervised release condition.