**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30094 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00216-SI-1 |
| v. | |
| CHRISTOPHER V. WHITE, AKA Christopher Valendeno White, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 11, 2017**
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Christopher White appeals the district court's denial of his motion to withdraw his plea agreement, arguing that his depression at the time of the change of plea hearing rendered his guilty plea involuntary. We review the voluntariness of White's guilty plea and the validity of the appellate waiver contained in his plea agreement de novo. *United States v. Mendez-Gonzalez*, 697 F.3d 1101, 1102 n.1 (9th Cir. 2012) (per curiam).

"A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). The broad appellate waiver in White's plea agreement has been held "to cover all appeals, even an appeal from the denial of a motion to withdraw a guilty plea." *Id.* This appeal therefore must be dismissed if White's guilty plea was voluntary.

We conclude that it was. "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "[D]epression alone is very unlikely to render a plea involuntary," especially when the plea colloquy

2

shows that the defendant "lucidly and voluntarily decided to plead guilty." *Tanner v. McDaniel*, 493 F.3d 1135, 1146 (9th Cir. 2007); *see also Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) ("In assessing the voluntariness of the plea, statements made by a criminal defendant contemporaneously with his plea should be accorded great weight."). Although White's psychologist indicated, thirteen months after the change of plea, that White's depression "impaired his ability to process information and make decisions effectively," White lucidly and actively participated in negotiating the plea agreement with his counsel and confirmed numerous times during the plea colloquy his clear understanding of his actions. In these circumstances, we cannot conclude that White's depression rendered his plea involuntary. The appellate waiver is thus valid and bars this appeal.

**DISMISSED.**