**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50381 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01333-BAS-1 |
| v. | |
| ACHARAYYA RUPAK, AKA Kevin Thomas Rudolph Matthews, AKA Rudolph Matthews, AKA Rudy Rupak, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted June 12, 2019
Pasadena, California

Before: FERNANDEZ, WARDLAW, and BYBEE, Circuit Judges.

Defendant-Appellant Acharayya Rupak appeals his conviction by guilty plea

for one count of violating the Travel Act, 18 U.S.C. § 1952(a)(3). We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.    The district court did not err in concluding that the government did not breach the plea agreement.  The government's inclusion of a paragraph on the "Sophisticated Means" enhancement was a "typographical error" that was cured by the government's prompt amendment.  *See United States v. Alcala-Sanchez*, 666 F.3d 571, 576 (9th Cir. 2012).  Nor did the government breach the plea agreement with regard to restitution because the government never actually requested a restitution amount greater than that agreed upon in the plea agreement.  Finally, the government's discussion of the facts underlying the case, including the vulnerability of Rupak's victims, the "sophisticated" nature of his actions, and the actual amount of restitution was not an implicit violation of the plea agreement because the factual discussion served a practical purpose.  *See United States v. Heredia*, 768 F.3d 1220, 1231–32 (9th Cir. 2014); *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012).  The discussion supported the government's proposed sentence in opposition to the large downward departure recommended by Rupak.  *See United States v. Moschella*, 727 F.3d 888, 892 (9th Cir. 2013).

2.    The district court did not abuse its discretion by denying Rupak's request to continue sentencing a second time in order to substitute a new attorney.  "To establish a Sixth Amendment violation based on the denial of a motion to continue," we consider the following factors: "(1) whether the continuance would

inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant." *United States v. Turner*, 897 F.3d 1084, 1102 (9th Cir. 2018) (citation omitted). Here, the district court appropriately considered the effect of an additional continuance on the victims of the crime, the fact that sentencing had already been continued once, Rupak's failure to explain why he waited until five days before the scheduled sentencing hearing to request a substitution of counsel, and the ability of Rupak's current attorney to adequately represent him at sentencing. We find no abuse of discretion because the majority of the *Turner* factors supports the district court's decision.

3. The district court did not commit plain error by accepting Rupak's guilty plea to a commercial bribery offense. The appellate waiver provision in Rupak's plea agreement does not preclude him from challenging the sufficiency of the factual basis for his plea and the district court's compliance with Federal Rule of Criminal Procedure 11(b)(3). We have "decline[d] to enforce an appeal waiver . . . if the district court failed to comply with Federal Rule of Criminal Procedure 11 . . . ." *United States v. Brizan*, 709 F.3d 864, 866 (9th Cir. 2013); *see United States v. Mendez-Gonzalez*, 697 F.3d 1101, 1103 (9th Cir. 2012) ("[A]n appeal

3

waiver will not apply if . . . a defendant's guilty plea failed to comply with [Federal Rule of Criminal Procedure] 11." (quoting *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007))). Because Rupak failed to raise his claim of factual insufficiency before the district court, however, the standard of review is plain error. *See United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005). Here, even if the district court erred in deeming the alleged factual basis sufficient to satisfy the elements of California's commercial bribery statute, Cal. Penal Code § 641.3(d)(3), we conclude that any such error was not plain.

**AFFIRMED.**