**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10236 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00841-DGC-1 |
| v. | |
| JONATHAN FRANK DAVIS, AKA Johnny Stax, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 12, 2019**
San Francisco, California

Before: BEA and LEE, Circuit Judges, and PIERSOL,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

Appellant Jonathan Davis appeals from the district court's judgment and challenges conditions of supervised release imposed following his guilty plea conviction for transporting individuals to engage in prostitution in violation of 18 U.S.C. § 2421. We dismiss.

Davis argues that the "coercive plea bargaining process" and possibility of receiving a severe sentence if he proceeded to trial rendered his guilty plea involuntary. Davis also contends that the district court erred in imposing conditions of supervised release requiring him to participate in substance abuse treatment and a domestic violence program, prohibiting him from using or possessing alcohol or controlled substances, including marijuana, and allowing a probation officer to require that Davis contact a person if the probation officer determines that Davis poses a risk to that person. The government contends that this appeal is barred by a valid appeal waiver.

We review de novo whether a guilty plea was voluntary, *United States v. Forrester*, 616 F.3d 929, 934 (9th Cir. 2010), and whether a defendant has waived his appellate rights pursuant to a plea agreement, *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010). Because Davis did not object to the challenged supervised release conditions in the district court, this court reviews the district court's sentence, including the supervised release conditions, for plain error. *United States v. Cope*, 527 F.3d 944, 957 (9th Cir. 2008).

"A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). The terms of the appeal waiver in Davis's plea agreement unambiguously encompass this appeal. The record also reflects that Davis waived his appellate rights knowingly and voluntarily, *see United States v. Watson*, 582 F.3d 974, 986–87 (9th Cir. 2009), and that his guilty plea was knowing and voluntary, *United States v. Kaczynski*, 239 F.3d 1108, 1114–15 (9th Cir. 2001). Thus, the appeal waiver in Davis's plea agreement is enforceable.

Ordinarily, the appeal waiver would also bar Davis's challenge to conditions of his supervised release. Davis, however, invokes the exception that "[a]n appeal waiver will not apply if . . . the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* The court reviews de novo "[w]hether a supervised release condition illegally exceeds the permissible statutory penalty or violates the Constitution." *Watson*, 582 F.3d at 981. The court looks to the substantive requirements of the statute governing supervised release conditions—here, 18 U.S.C. § 3583(d)—to determine whether a condition exceeds

the permissible statutory penalty. *See United States v. Mendez–Gonzalez*, 697 F.3d 1101, 1103–04 (9th Cir. 2012); *Watson*, 582 F.3d at 982–84, 987.

We reject Davis's argument that Mandatory Conditions 2 and 3, which prohibit the use and possession of controlled substances including marijuana, are illegal because a sentencing court is statutorily mandated to impose these conditions, *see* 18 U.S.C. § 3583(d), and these conditions are not unconstitutional. Special Condition 1, requiring Davis to attend substance abuse treatment, Special Condition 6, requiring Davis to participate in a domestic violence program, and Special Condition 9, prohibiting Davis from using or possessing alcohol, are also constitutional because they are reasonably related to Davis's criminal history, the goals of deterrence, protecting the public, rehabilitation, and involve no greater deprivation of liberty than reasonably necessary. *See* 18 U.S.C. § 3583(d)(1), (2); *see also Watson*, 582 F.3d at 983.

Finally, we reject Davis's argument that Standard Condition 12, which allows a probation officer to require that Davis contact a person if the probation officer determines that Davis poses a risk to that person, is unconstitutionally vague. We previously discussed Standard Condition 12 with implicit approval. *See United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018). Any error in imposing this condition therefore was not plain error because what error is now claimed was not clear or obvious. *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003).

4

Because the challenged conditions of supervised release are not "illegal," the appeal waiver in his plea agreement applies.

**DISMISSED.**