**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

OCT 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-10351 |
| Plaintiff-Appellee, | D.C. No.<br>2:18-cr-00302-JAD-NJK-2 |
| v. | |
| RICHARD FRED DITTMER III, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 2, 2023**
Las Vegas, Nevada

Before:  RAWLINSON and OWENS, Circuit Judges, and FITZWATER,***
District Judge.

Richard Dittmer, III, pled guilty to one count of receipt of child

pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b), and one count of

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

1

attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e). Despite waiving his right to appeal his conviction and sentence, Dittmer now argues that the district court (1) abused its discretion by allowing his mother to speak at his sentencing hearing over his objections, and (2) clearly erred by imposing four supervised release conditions. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal.

"We review *de novo* whether an appellant has waived his right to appeal pursuant to the terms of a plea agreement." *United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022) (cleaned up). "Although we typically review de novo whether a challenged supervised release condition illegally exceeds the permissible statutory penalty or violates the Constitution, we review for plain error when a party fails to raise its illegality argument to the district court," as Dittmer failed to do here. *United States v. Nishida*, 53 F.4th 1144, 1150 (9th Cir. 2022) (cleaned up).

1.    "We lack jurisdiction to entertain appeals where there was a valid and enforceable waiver of the right to appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1152-53 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). A waiver is valid and enforceable "when (1) its language clearly and unambiguously encompasses the defendant's right to appeal on the grounds raised, and (2) it was knowingly and

2

voluntarily made." *United States v. Hollins*, 70 F.4th 1258, 1261 (9th Cir. 2023) (citation omitted).

Here, Dittmer's appellate waiver is valid and enforceable. Dittmer does not dispute that he knowingly and voluntarily agreed to the appellate waiver, nor does the record suggest anything to the contrary. The appellate waiver also clearly encompasses Dittmer's right to challenge the admission of his mother's statement at sentencing and his supervised release conditions by barring challenges to "the manner in which the district court determined [his] sentence" and "any other aspect of the sentence." *See* 18 U.S.C. § 3661; *Wells*, 29 F.4th at 584 (holding that "any aspect" of a sentence includes supervised release conditions).

2.      Even if an appellate waiver is valid and enforceable, it does not apply if the sentence violates the law. *See United States v. Mendez-Gonzalez*, 697 F.3d 1101, 1103 (9th Cir. 2012). We find that this exception does not apply to Dittmer's non-constitutional claims regarding the district court's decision to admit his mother's testimony over defense counsel's objections[1] and to impose certain

---

[1] Dittmer attempts to frame his claim regarding his mother's testimony as a constitutional challenge by arguing that the district court violated his right to counsel by controlling his mitigation strategy at sentencing. However, the ineffective assistance of counsel cases that Dittmer cites are inapposite, and the district court had broad discretion to consider the information presented by his mother, subject to certain due process limitations that are not at issue in this case. *See* 18 U.S.C. §§ 3553(a), 3661; *see also United States v. Franklin*, 18 F.4th 1105, 1115-16 (9th Cir. 2021).

supervised release conditions. *See Wells*, 29 F.4th at 585, 589 (holding that the exception does not apply to arguments that a sentence is overbroad or violates 18 U.S.C. §§ 3583 or 3553). Accordingly, Dittmer's appeal on those grounds is waived under the plea agreement.

To determine whether the exception applies to his constitutional challenges, we must first address the merits. *See Nishida*, 53 F.4th at 1149 ("When a defendant with an otherwise valid appeal waiver challenges the legality of her sentence, the claim as to waiver rises and falls with the claim on the merits." (cleaned up)). Dittmer raises three constitutional challenges to his supervised release conditions: (1) that Special Condition #12 (place restriction) is unconstitutionally vague because it fails to specify a distance he must maintain from places primarily used by children; (2) that Special Condition #14 (pornography ban) infringes his First Amendment rights by limiting legal possession of sexually explicit material involving adults; and (3) that Special Condition #16 (polygraph testing) violates his Fifth Amendment right against self-incrimination. We find all three arguments meritless under plain error review. *See United States v. Gibson*, 998 F.3d 415, 419-20 (9th Cir. 2021) (approving a nearly identical place restriction with no distance specification); *United States v. Daniels*, 541 F.3d 915, 927 (9th Cir. 2008) (upholding a pornography ban against a similar First Amendment challenge); *see id.* at 925 (holding that "polygraph testing as a

4

condition of supervised release does not infringe on a defendant's Fifth Amendment rights").  Because the "unlawful sentence" exception does not apply to Dittmer's constitutional claims, those claims are also waived.  We therefore dismiss Dittmer's appeal.

**DISMISSED.**