NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7188 |
| Plaintiff - Appellee, | D.C. No. 1:23-cr-00145-DAD-BAM-1 |
| v. | |
| JOSE ANTONI VIEYRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted January 7, 2026[**]
San Francisco, California

Before: GOULD, NGUYEN, and BENNETT, Circuit Judges.

Jose Antoni Vieyra appeals his 56-month sentence for dealing firearms
without a license in violation of 18 U.S.C. § 922(a)(l)(A). Vieyra raises arguments
challenging the enforceability of the appellate waiver in his plea agreement. He also
contends that, even if the waiver is valid, it does not apply to his constitutional claims

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

that the district court violated his right to due process by interrupting his allocution and making remarks that reflected judicial bias. Vieyra further argues that the district court erred by not addressing particular mitigation arguments raised at sentencing.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The appellate waiver is valid, and even assuming without deciding that Vieyra's constitutional claims fall outside the waiver, they fail on the merits. Finally, Vieyra's noncontitutional challenge regarding his mitigation arguments is barred by the waiver.

1. Vieyra is not licensed to sell firearms. But in September and October 2022, he sold multiple firearms to a confidential informant working for the Bureau of Alcohol, Tobacco, Firearms and Explosives.

An indictment followed, charging Vieyra with dealing firearms without a license in violation of 18 U.S.C. § 922(a)(l)(A). In March 2024, Vieyra and the government entered into a written plea agreement. Vieyra agreed to plead guilty to violating § 922(a)(l)(A), pay a fine, and forfeit all firearms and ammunition seized in the case. The agreement also contained the following waiver:

> The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's

conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (l) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

The district court accepted Vieyra's plea at a hearing on May 15, 2024 and later sentenced Vieyra to 56 months' imprisonment. This appeal followed.

2. We review de novo whether a defendant has waived his right to appeal. *See United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). An appellate waiver is enforceable if the defendant "knowingly and voluntarily waives [their] rights and the language of the waiver covers the grounds raised on appeal." *Id.* at 623–24. "[W]e 'have consistently read general waivers of the right to appeal to cover *all* appeals.'" *United States v. Goodall*, 21 F.4th 555, 562 (9th Cir. 2021) (quoting *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011)). But a waiver will not apply if "1) a defendant's guilty plea failed to comply with [Federal Rule of Criminal Procedure] 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *Bibler*, 495 F.3d at 624.

Vieyra's plea agreement contained a waiver in which Vieyra agreed "to give up the right to appeal the guilty plea, conviction, *and the sentence* imposed in this case." The plain text of this waiver encompasses appeals challenging Vieyra's sentence.

Vieyra contends that the language in his plea agreement is ambiguous. "Plea agreements are interpreted using contract principles with any ambiguity construed in the defendant's favor." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). Because one provision of the waiver only explicitly references Vieyra's inability to challenge his "conviction and guilty plea"—but not his sentence—Vieyra urges that it is at least unclear whether he retains the right to contest his sentence.

We disagree. The provision of the agreement that Vieyra points to provides that his waiver "*includes, but is not limited to*, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea." While this clause lists certain types of challenges to Vieyra's conviction and guilty plea as *examples* of what he cannot appeal, it also states that the waiver is "not limited to" such challenges. Leaving no doubt, the following paragraph of the plea agreement explains that unless the sentence imposed "exceeds the statutory maximum" or "the government appeals the sentence," Vieyra's plea results in "a complete waiver of all appellate rights."

3. Vieyra also contends that the appellate waiver is unenforceable because

his plea colloquy failed to comply with Rule 11. *See United States v. Portillo-Cano*, 192 F.3d 1246, 1250, 1252 (9th Cir. 1999) (concluding that the defendant's right to appeal was not waived when his plea did not conform to the requirements of Rule 11). Vieyra argues that the district court erred by not determining whether he was suffering from any alcohol withdrawal symptoms before accepting his plea. Because Vieyra "did not object to the adequacy of the plea colloquy before the district court, we review for plain error." *Watson*, 582 F.3d at 987.

The district court did not ask Vieyra whether he was experiencing symptoms of alcohol withdrawal. But at the hearing, the district court verified that Vieyra had not "taken any medication, drugs, or anything in the last 48 hours that affect[ed] [his] ability" to understand the proceedings. Vieyra also confirmed that he understood the elements of the crime to which he was pleading, he had read and signed his plea agreement, and he understood that the agreement contained a waiver of the right to appeal "[his] sentence or challenge [his] sentence or conviction[]." And nothing in the hearing transcript suggests that Vieyra was suffering from any symptoms of withdrawal at the time of the colloquy. Nor is there any basis to infer that his statements or behavior caused counsel or the district court to be concerned about Vieyra's mental state and ability to enter a plea. As the government also points out, because Vieyra had been in pretrial custody for more than a year—and reportedly last consumed alcohol in October 2023—it is unlikely that he was experiencing

withdrawal symptoms during the Rule 11 colloquy.

Thus, we see no error here. But even if the district court committed an error, Vieyra has failed to demonstrate that the district court committed an error that was "clear or obvious." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004) (explaining that the defendant has "the burden of establishing entitlement to relief for plain error"). Nothing in the text of Rule 11 requires a district court to ask a defendant with a history of substance abuse whether they are suffering from any withdrawal symptoms. *See* Fed. R. Crim. P. 11. And Vieyra points to no precedent holding that a district court violates Rule 11 by failing to conduct an inquiry of this type. Thus, this challenge to the appellate waiver also fails.

4. Taking a different tack, Vieyra urges that his constitutional challenges present an exception to his appellate waiver. "[A] waiver of the right to appeal a sentence does not apply," we have explained, "if (1) the defendant raises a challenge that the sentence violates the Constitution; (2) the constitutional claim directly challenges the sentence itself; and (3) the constitutional challenge is not based on any underlying constitutional right that was expressly and specifically waived by the appeal waiver as part of a valid plea agreement." *United States v. Wells*, 29 F.4th 580, 587 (9th Cir. 2022).

In *United States v. Atherton*, a three-judge panel determined that the second

requirement—that the defendant's constitutional claim challenge the "sentence itself"—includes not only substantive challenges but also procedural ones. *See* 106 F.4th 888, 894 (9th Cir. 2024), *reh'g en banc granted, opinion vacated*, 134 F.4th 1009 (9th Cir. 2025). But our court granted en banc review and vacated the three-judge panel opinion. The en banc panel heard argument last year, but subsequently vacated submission pending the Supreme Court's decision in *Hunter v. United States*, No. 24-1063. *See* Order, *United States v. Atherton*, No. 21-30266 (9th Cir. Oct. 28, 2025), Dkt. No. 75. While *Hunter* and *Atherton* remain pending, "it is an open question" whether a defendant may avoid an appeal waiver by asserting "constitutional challenges to the sentencing process." *United States v. Davis*, 156 F.4th 971, 975 n.1 (9th Cir. 2025).

Vieyra's due process challenges—alleging denial of the right to allocution and judicial bias—are constitutional challenges to the sentencing process. But the outcome of *Hunter* and *Atherton* will not change the outcome of Vieyra's case because his constitutional claims fail on the merits. We thus address the merits now. *See Wells*, 29 F.4th at 585 n.1 ("[A] plea agreement's appeal waiver does not divest our court of jurisdiction to hear an appeal.").

5.     Vieyra asserts that he was denied due process because the district court repeatedly interrupted his allocution. Vieyra did not raise an objection on these grounds at sentencing.

We have reviewed unpreserved challenges to the exercise of allocution rights for harmless error, rather than plain error. *See, e.g.*, *United States v. Gunning*, 401 F.3d 1145, 1147, 1149 n.6 (9th Cir. 2005). In *United States v. Daniels*, however, we observed that intervening Supreme Court decisions clarifying the broad scope of plain-error review may require us to apply that standard instead. *See* 760 F.3d 920, 922–23 (9th Cir. 2014). There we "assume[d] without deciding that plain error review applies," concluding that the defendant would prevail under either standard. *Id.* We need not resolve today the appropriate standard, as we conclude that the district court committed no error here.

"[I]t has long been recognized that allocution, the right of the defendant to personally address the court, is an essential element of a criminal defense." *Boardman v. Estelle*, 957 F.2d 1523, 1526 (9th Cir. 1992) (footnote omitted). But our case law has limited the right to circumstances that reflect "the denial of an *affirmative* request to speak." *Id.* at 1529. When a defendant "makes a request that he be permitted to speak to the trial court before sentencing" and "the trial court denies that request," we have concluded that "the defendant has not received due process." *Id.* at 1530.

In considering challenges under the Federal Rules of Criminal Procedure, we have similarly found that a defendant's right to allocution is violated when a district court wholly fails to allow a defendant to allocute, *see Daniels*, 760 F.3d at 923–25,

or when the court "significantly hinder[s]" a defendant's "efforts at allocution," *United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) (finding denial of the right to allocution when the defendant was "curtly silenced" and told not to speak unless the district court asked him a question). But in this context, too, we have observed that allocution "is not unlimited." *United States v. Kellogg*, 955 F.2d 1244, 1250 (9th Cir. 1992). For instance, we have declined to find a denial of the right when a defendant is "personally addressed by the court and provided with an opportunity to present information bearing on mitigation," and "[t]he record does not demonstrate that the district judge intimidated the [defendant] or deterred them from speaking." *United States v. Mack*, 200 F.3d 653, 658 (9th Cir. 2000).

The district court personally addressed Vieyra and provided him with the opportunity to allocute at sentencing. Vieyra was not told to stay quiet or only speak when spoken to. And he did present mitigating information and describe how he has reflected on his conduct while in custody. It is true that the district court repeatedly interrupted Vieyra. But the record reflects that the sentencing court attempted to have a discussion with Vieyra and address the court's specific concerns about the offense conduct—not to hinder Vieyra's efforts at allocution or silence him altogether. Indeed, the district court reiterated that it wanted to hear from Vieyra, explaining, for example: "I want to hear you out. I want to hear everything you have to say." "I'm just trying to understand how did you let yourself get involved

in this." And "I really meant it when I said I want to have a conversation with you because I don't get it." The transcript also denotes a pause between when Vieyra finished speaking and when the district court imposed its sentence.

On our review of the record, the district court did not deny Vieyra due process by infringing on his right of allocution.

6. Vieyra also contends that the district court demonstrated unconstitutional bias against him at sentencing, requiring his sentence to be vacated and his case assigned to a different judge. Vieyra objects to statements in which the sentencing court observed that offenses involving the illegal sale of firearms are "some of the most serious criminal cases." The district court expressed concern that "[p]eople are not buying those guns to collect or to go take target practice with." To the contrary, the court explained, "[p]eople are buying guns like this and these kinds of guns from people who aren't licensed to shoot at and potentially kill people."

"Where recusal was not requested in the district court, as is the case here, judicial bias claims are reviewed for plain error." *United States v. Rangel*, 697 F.3d 795, 804 (9th Cir. 2012). "The fact that a judge has strong feelings on a particular crime," we have emphasized, "does not automatically disqualify him from sentencing those who have committed that crime." *United States v. Borrero-Isaza*, 887 F.2d 1349, 1357 (9th Cir. 1989) (per curiam). And we have declined to find that a district court's remarks about the severity of a particular offense reflect the

level of animus required to warrant recusal. *See, e.g.*, *United States v. Allen*, 633 F.2d 1282, 1294 (9th Cir. 1980) (concluding that the statement that importing marijuana was "a very serious crime that had a 'cancer'-like effect on society" was "nowhere near the sort of apparent ethnic, political, or personal animus" warranting recusal); *United States v. Wilkerson*, 208 F.3d 794, 799 (9th Cir. 2000) ("[T]he court's commentary on his role as 'represent[ing] the community' and that the community was 'tired' of armed robbery and guns does not demonstrate the kind of 'truly extreme' remarks that are required for recusal." (second alteration in original)).

Vieyra has failed to demonstrate that, based on comments made at sentencing, the district judge was biased against him. On this record, we see no grounds to conclude that the district judge could not and did not impartially impose its sentence. Thus, Vieyra has not shown plain error.

7. Vieyra offers a final reason to remand this case for resentencing. He contends that the district court erred by not addressing at the sentencing hearing particular mitigation arguments he raised. But Vieyra does not make any meaningful constitutional argument. The appeal waiver in his plea agreement thus bars this claim.

**AFFIRMED.**

24-7188